COPE, J.
The District Board of Trustees of Miami-Dade Community College (“MDCC”) petitions for a writ of certiorari to quash the trial court’s order requiring it to provide a copy of an incident report to respondent, Ileana M. Chao, the plaintiff in a personal injury action against MDCC. We deny the petition.
I.
Plaintiff, a student, alleges that while she was walking in a hallway she slipped and fell. She reported the fall to the security personnel on the campus. One of the security guards, Jacqueline Brown, accompanied her to the site of the fall, where they were joined by lead custodian Emile Casimir, and an employee identified as “Jimmy of the scrub crew.” Ms. Brown prepared an incident report which reported her and Jimmy’s observations about the condition of the floor.
Plaintiff filed the instant negligence action and served interrogatories requesting the names of persons with information about the incident. MDCC responded by listing Casimir but not Brown or Jimmy.[1] Plaintiff recalled that the guard she spoke with was named Brown and served additional interrogatories asking for the names of all security guards on duty on the date of the incident. MDCC supplied a list of 11 people which included a Johnnie Brown but not Jacqueline Brown.
Plaintiff served a third set of interrogatories asking for the names of all security, custodial or maintenance staff on duty around the relevant date. MDCC supplied a list of 151 names. Plaintiff deposed MDCC’s chief of risk management, but he had no personal knowledge of the incident.
Plaintiff served a fourth set of interrogatories asking for specific information about the “person/security officer of MDCC North campus to whom Plaintiff ... reported the incident.” MDCC identified the security guard as Jacqueline Brown, who was no longer employed by MDCC and provided an address, social security number and security license for her. Plaintiff attempted service on Brown at the address provided, but she was no longer at the address.
Plaintiff served a request for production of the incident report. MDCC filed an objection to the request for production of the report claiming it was work product. Plaintiff moved for in camera review of the incident report on the ground, in part, of need of the report and undue hardship in otherwise obtaining the information contained therein under Florida Rule of Civil Procedure 1.280(b)(3).
The day before the in camera inspection, MDCC provided plaintiff what it contends is Brown’s current work address. Plaintiff elected not to attempt to depose Brown in light of the pending in camera review of the report. The trial court reviewed the *107 incident report in camera and ordered MDCC to produce it to plaintiff.
MDCC filed the instant petition for cer-tiorari.
II.
Plaintiff first contends that she is entitled to production of the incident report because it contains her own statement. Florida Rule of Civil Procedure 1.280(b)(3) provides that without making a showing of need or undue hardship, “a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party.” However, for purposes of this provision of the rule, “a statement previously made is a written statement signed or otherwise adopted or approved by the person making it....” Plaintiff correctly points out that the incident report form[2] has a space. for the claimant to sign, but in this case plaintiff was not actually asked to sign it. Since there is no signature and no other evidence of adoption or approval by plaintiff, she is not entitled to production of the incident report under this provision of the rule.
III.
Plaintiff next argues that the incident report does not constitute work product. She points out that Ms. Brown was a security guard, not a claims investigator, and that there was no claim pending at the time the incident report was prepared. These arguments are unavailing. MDCC established that its incident reports are routed to its risk management department. The work product protection extends to reports prepared in anticipation of litigation; a specific claim need not have been filed. See Intercontinental Properties, Inc. v. Samy, 685 So.2d 1035, 1036 (Fla. 3d DCA 1997); DeBartolo-Aventura, Inc. v. Hernandez, 638 So.2d 988, 989 (Fla. 3d DCA 1994); Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983).
Plaintiff points out that within MDCC, the incident report was also distributed to the security department and the custodial supervisor. Plaintiff argues that since the report was distributed to other departments in addition to risk management, the report lost its status as work product. We disagree. MDCC should not be penalized for advising other departments so that remedial measures can be taken where called for. To say that such distribution would eliminate the work product immunity would be contrary to public policy.
IV.
We conclude, however, that the plaintiff is entitled to disclosure of the incident report because she has made the required showing of need and undue hardship.
Under Florida Rule of Civil Procedure 1.280(b)(3), a litigant may obtain discovery of work product materials “only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” A common situation for disclosure is “when witnesses are no longer available or can be reached only by great difficulty....” Miami Transit Co. v. Hurns, 46 So.2d 390, 391 (Fla.1950) (citing Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).
The required showing has been made here. The trial court concluded that the plaintiff has need for the information contained in the incident report, and we completely agree. The report records the condition of floor and the reason for that condition, based on the observations of Ms. Brown and “Jimmy of the scrub crew.”
The showing of undue hardship has also been made. In response to plaintiffs initial interrogatories there should have been *108 disclosure of all individuals named in the incident report, but only Mr. Casimir was identified. When plaintiff recalled that the security officer was Ms. Brown, MDCC disclosed the name and address of the wrong Officer Brown. Upon propounding more discovery to try to identify the individuals who inspected the site of the slip and fall, the plaintiff was given a list of 151 names.
Shortly before the in camera inspection, MDCC identified the correct Ms. Brown (who no longer works for MDCC) and provided a new address which may or may not turn out to be correct. So far as can be ascertained from this record, to date MDCC has never identified “Jimmy of the scrub crew.”
Enough is enough. Plaintiff has been diligent and defendant has not been forthcoming. To send plaintiff up more rabbit trails at this stage of the litigation would be undue hardship indeed.
The theory of protecting work product of this type is that one party should not be able to have a free ride on an investigation done by the other party. The idea is that on proper request, there will be disclosure of the identity of those with knowledge of the incident, and then the requesting party is free to conduct his or her own investigation by taking statements or depositions.
The process breaks down where a party does not make full disclosure of the witness names contained in the incident report. The identities of witnesses having knowledge of the facts, including those who have furnished statements or are listed in incident reports, are discoverable. See Wal-Mart Stores, Inc. v. Weeks, 696 So.2d 855, 857 (Fla. 2d DCA 1997); Cunningham v. Anchor Hocking Corp., 558 So.2d 93, 100 (Fla. 1st DCA 1990); Mount Sinai Medical Center v. Schulte, 546 So.2d 37, 38 (Fla. 3d DCA 1989); Landrum v. Tallahassee Memorial Regional Medical Center, Inc., 525 So.2d 994, 996 (Fla. 1st DCA 1988).
An interrogatory asking for identification of those persons with knowledge of the underlying incident is properly viewed as extending to the names of witnesses contained in an incident report. Failure to make timely, full disclosure in response to a discovery request places the confidential status of the incident report in jeopardy.
V.
For the reasons stated, the petition for writ of certiorari is denied.

. The record before this court does not indicate whether Casimir’s deposition was taken.

. Plaintiff was provided a blank sample form during discovery.