778 So.2d 1052 (2001)
FEDERAL EXPRESS CORPORATION, Automotive Rentals, Inc. and Shannon Lotito, Petitioners,
v.
Josephine M. CANTWAY, as court-appointed guardian of Laura J. McGrath, an incompetent person, and as guardian, on behalf of Riley J. McGrath and Reece E. McGrath, minor children of Laura J. McGrath, Respondent.
No. 4D00-3546.
District Court of Appeal of Florida, Fourth District.
February 21, 2001.
Rehearing Denied March 30, 2001.
Kathleen M. O'Connor of Russo Parrish Appellate Firm, and Murray, Marin & Herman, P.A., Miami, for petitioners.
No appearance for respondent.
PER CURIAM.
Petitioners are defendants below in a personal injury action arising out of an accident involving a delivery vehicle operated by a Federal Express employee. They seek review of an order compelling Federal Express to produce certain accident *1053 reports over their work product objections. We grant the petition.
Through discovery, the plaintiff below sought copies of two accident reports, entitled "Driver's Report of Accident or Occurrence" and "Serious Accident Report," which were prepared by Federal Express employees. Federal Express objected to their production, asserting the work product privilege. At the hearing on its work product objections, Federal Express presented the affidavit of a managing director of its legal department and the deposition testimony of a Senior Safety Specialist stating that the reports were prepared after the accident investigation had been placed under the direction and control of the corporation's legal department and pursuant to a specific directive issued by the legal department in anticipation of litigation.
Plaintiff countered that the accident reports were not prepared in anticipation of litigation but were generated in the normal course of business pursuant to Federal Express' general policy and guidelines requiring that these documents be completed in every "accident or occurrence." In overruling Federal Express' work product objections, the trial court referred to excerpts from Federal Express manuals, which indicated that the purpose of the company's accident investigation procedure was to determine what actions needed to be taken to prevent similar accidents or injuries from occurring in the future. The trial court concluded that the two reports were not prepared in anticipation of litigation and ordered their production.
Materials prepared in anticipation of litigation are not subject to discovery except on a showing that the party seeking discovery "has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fla.R.Civ.P. 1.280(b)(3). Accident reports and investigative materials of a party, when prepared in anticipation of litigation, constitute work product and are not subject to discovery without the aforementioned showing. See Seaboard Air Line R. Co. v. Timmons, 61 So.2d 426, 427-28 (Fla.1952). Internal investigative reports are covered by the rule. See Karch v. MacKay, 453 So.2d 452 (Fla. 4th DCA 1984); New Life Acres, Inc. v. Strickland, 436 So.2d 391 (Fla. 5th DCA 1983); Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307, 308 (Fla. 5th DCA 1983); Fla. Power & Light Co. v. Limeburner, 390 So.2d 133 (Fla. 4th DCA 1980). Such reports need not be ordered by an attorney in order to be considered work product, see Snyder v. Value Rent-A-Car, 736 So.2d 780 (Fla. 4th DCA 1999), and they can constitute work product even if they are prepared before a claim is filed. See District Bd. of Trs. of Miami-Dade Cnty. Coll. v. Chao, 739 So.2d 105 (Fla. 3d DCA 1999); City of Sarasota v. Colbert, 97 So.2d 872 (Fla. 2d DCA 1957). Moreover, a report that is routinely prepared may still be work product. See Sears, Roebuck and Co. v. Scott, 481 So.2d 968 (Fla. 4th DCA 1986); Sligar v. Tucker, 267 So.2d 54 (Fla. 4th DCA 1972).
The fact that the manuals reviewed by the trial court "speak of prevention as the reason for requiring said reports" and do not mention use of the reports for litigation purposes does not rule out the possibility that the reports were prepared also for that purpose. In Chao, the incident report of a student's slip and fall in a college hallway did not lose its work product character even though the incident reports were routed to departments other than the risk management department, such as the security department and the custodial supervisor, in order that remedial measure could be taken. 739 So.2d at 107. See also Fogarty Bros. Transfer Co. v. Perkins, 250 So.2d 655 (Fla. 2d DCA 1971)(holding that accident reports which carrier required of its employees in regular course of business, whether for carrier's private use or for filing with federal agency, as required, were protected from discovery under work product rule); *1054 Waste Mgmt., Inc. v. Fla. Power & Light Co., 571 So.2d 507 (Fla. 2d DCA 1990)(quashing order denying utility's parent company's motion to quash subpoena for production of accident scene photographs and safety file, finding disputed documents constituted work product; documents prepared at counsel's direction in anticipation of litigation did not lose that qualified privilege by reason of fact that parent company also used them to comply with requirement, under Occupational Safety and Health Act, that employer conduct investigation after accident involving serious injury).
We agree with petitioners that the fact that the reports in question were prepared after Federal Express' legal department assumed oversight is significant. See Prudential Ins. Co. of Am. v. Fla. Dep't of Ins., 694 So.2d 772 (Fla. 2d DCA 1997) (granting certiorari relief as to nonfinal administrative order compelling insurer to produce to department of insurance documents that were generated after its legal department assumed oversight of responses to policyholder complaints, in anticipation of litigation over claims of churning and sales misconduct, without demonstration of need and undue hardship).
We hold that Federal Express made a sufficient showing that the documents in question are work product and that the trial court departed from the essential requirements of law in requiring their production without further inquiry as to whether the plaintiff is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. We grant the petition, quash the order on review, and remand to the trial court for further proceedings consistent with this opinion.
WARNER, C.J., SHAHOOD and TAYLOR, JJ., concur.