788 So.2d 1035 (2001)
RNK FAMILY LIMITED PARTNERSHIP, Appellant,
v.
ALEXANDER-MITCHELL ASSOCIATES, a dissolved Florida general partnership, A.G. Rappaport, And Mitchell E. Bentley, Appellees.
No. 2D99-5013.
District Court of Appeal of Florida, Second District.
March 16, 2001.
Ricky L. Thacker of Michael J. McDermott, P.A., Brandon, for Appellant.
Gregory E. Mierzwinksi of Morgan, Padgett & Mierzwinksi, P.A., Tampa, for Appellees.
GREEN, Judge.
RNK Family Limited Partnership appeals the trial court's order granting appellee, Alexander-Mitchell Associates', motion *1036 to dismiss RNK's complaint based on the doctrine of caveat emptor and an ineffectual assignment of a right to file suit. We reverse.
In this case, we deal solely with a warranty provision of a sale contract and the standard of review is de novo. See Management Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627, 630 (Fla. 1st DCA 1999) (holding that a decision interpreting a contract presents an issue of law that is reviewable by the de novo standard of review).
The essential facts are that S & R, a Florida corporation, purchased an apartment complex from Alexander, based on a contract that contained the following provision: "W. WARRANTIES: Seller warrants that there are no facts known to Seller materially affecting the value of the Real Property which are not readily observable by Buyer or which have not been disclosed to Buyer." The complaint alleged that within eight months after closing S & R was notified by Hillsborough County that it was required to spend substantial sums ($93,334.62) for a county wastewater connection. The complaint further alleged that Alexander had knowledge about this matter several years before the contract was executed but failed to relay the information to S & R. RNK alleged in the complaint that S & R assigned its claim, which underlies the complaint, to RNK. RNK contends that this wastewater connection affects the value of the property to the extent of the imposed charge of $93,334.62.
We are not called upon to assess whether the county hookup negatively affected the value of the property. We do believe that a reasonable purchaser relying on the aforestated provision would anticipate that, at least as to property value, the doctrine of caveat emptor would have been circumvented. Accordingly, a purchaser should be entitled to present evidence as to whether such a significant contemporary occurrence would negatively affect the value of the property.
We agree with the trial court that caveat emptor is the current law in this state when generally dealing with the sale of commercial property. See Mostoufi v. Presto Food Stores, Inc., 618 So.2d 1372 (Fla. 2d DCA 1993). However, RNK and Alexander contracted for disclosure related to value, and RNK pleaded a cause of action that should have been addressed by the finder of fact.
The trial court additionally dismissed the complaint because it found the assignment of the claim from S & R Office Real Estate, Inc. to RNK Family Limited Partnership was invalid or ineffectual, as the assignor and assignee are the same person. We cannot discern from the trial court's order or the parties' briefs why this arrangement, if true, should be fatal to the complaint. We make no decision with respect to the validity of the assignment but only conclude the allegation is not fatal to the complaint.
Reversed.
WHATLEY, A.C.J., and STRINGER, J., concur.