890 So.2d 297 (2004)
RNK FAMILY LIMITED PARTNERSHIP, a Florida Limited Partnership, Appellant/Cross-Appellee,
v.
ALEXANDER-MITCHELL ASSOCIATES, a Dissolved Florida General Partnership; A.G. Rappaport; and Mitchell E. Bentley, Appellees/Cross-Appellants.
No. 2D03-2206.
District Court of Appeal of Florida, Second District.
December 3, 2004.
Rehearing Denied January 10, 2005.
*298 Ricky L. Thacker of Michael J. McDermott, P.A., Brandon, for Appellant/Cross Appellee.
Gregory E. Mierzwinski, Tampa, for Appellees/Cross-Appellants.
SALCINES, Judge.
RNK Family Limited Partnership appeals the trial court order entered on remand which determined the total damages to be remitted to it by Alexander-Mitchell Associates, a dissolved Florida General Partnership; A.G. Rappaport; and Mitchell E. Bentley (hereinafter collectively "Alexander-Mitchell"). RNK argues that the trial court erroneously awarded damages which were less than those sought in this breach of contract action. We agree with RNK's argument and once again reverse and remand this matter to the trial court.[1]
In July 1994, S & R, a Florida corporation, entered into a contract to purchase certain commercial property from Alexander-Mitchell. The contract contained the following provision: "W. WARRANTIES: Seller warrants that there are no facts known to Seller materially affecting the value of the Real Property which are not readily observable by Buyer or which have not been disclosed to Buyer." Subsequent to the closing, S & R was notified by the Office of the Hillsborough County Administrator that at the time of the sale Alexander-Mitchell was under a mandatory order to connect the subject property to the County wastewater system. S & R assigned its claim for damages to RNK.
A complaint for breach of contract was filed by RNK alleging damages for Alexander-Mitchell's failure to disclose facts materially affecting the value of the property  specifically, that on November 22, 1988, it had been notified by the County that it had 365 days to comply with a mandatory order to connect the property to the County wastewater system. The required connection was never made in the almost six years prior to the sale of the property, and Alexander-Mitchell had not informed the purchaser that the mandatory order was in place.
The trial court originally dismissed the complaint based in part on the theory of caveat emptor. This court issued an opinion in RNK Family Ltd. Partnership v. Alexander-Mitchell Associates, 788 So.2d 1035, 1036 (Fla. 2d DCA 2001), in which we agreed that caveat emptor is the current law in this state when generally dealing with the sale of commercial property. However, we noted that RNK and Alexander-Mitchell had specifically contracted for disclosure related to value and RNK had pleaded a cause of action that should have been addressed by the finder of fact. Id. at 1036. The order dismissing the cause of action was reversed, and the matter was remanded to the trial court for further proceedings.
On remand, the action proceeded to a nonjury trial and the parties presented their evidence and rested their cases. The trial court entered a partial final judgment finding that Alexander-Mitchell had breached the contract by failing to disclose the material fact that the County required the property to be connected to its wastewater service system. The trial court found that RNK had complied with the *299 County's mandatory requirements and was damaged by having to pay the expenses for the connection. While the trial court found that RNK had expended $93,334.62 to make the connection, it did not make a determination of the amount of damages to be awarded to RNK. Instead, the court stated, "The Court is concerned that the plaintiff failed to mitigate its damages and contact the defendants [sic] and therefore additional hearing [sic] is required by the Court to determine actual damages in this case." A hearing was scheduled for March 10, 2003.
Alexander-Mitchell filed a motion for rehearing and/or reconsideration. Although a written order denying the motion was entered prior to the March 10 hearing, the trial court allowed counsel for Alexander-Mitchell to present an argument concerning the propriety of the trial court's order finding it had breached the contract. At the commencement of the portion of the hearing relating to the mitigation-of-damages issue, RNK voiced an objection. It argued that at trial Alexander-Mitchell had rested its case and the trial court was improperly allowing it the opportunity to present evidence on the issue of mitigation of damages. Alexander-Mitchell had never requested permission to reopen its case. The trial court disagreed with RNK's argument and indicated that if RNK insisted on objecting to the proceeding it would "do a de novo hearing on this whole thing." RNK's objection was noted in the record, and the hearing proceeded.
Mr. Rappaport, a general partner of the dissolved partnership, was asked if he had an estimate of what his costs would have been in 1994 to have connected the property to the County's wastewater system. RNK objected to the question on the basis that the answer would be speculation and hearsay. The objection was overruled. Mr. Rappaport testified that "Best-guess scenario would be ... I would say between 15 and $30,000.00, that range.... That's best-guess scenario." On cross-examination, Mr. Rappaport indicated that his "best guess" was based solely on an "estimate" he allegedly received during a conversation with an unnamed contractor. There was no other evidence presented to support this "guess."
In the partial final judgment, the court determined that the property was connected to County wastewater services at a cost of $93,334.62. After the court-ordered hearing on mitigation, the court found that RNK was entitled to be reimbursed the connection fee of $43,516 paid to the County but held that "the reasonable costs of doing the hookup was $30,000.00." The judgment was entered for RNK in the total amount of $73,516. We hold that the trial court's decision to reduce the amount of damages to be awarded to RNK based on the testimony of Mr. Rappaport was erroneous.
After a party has rested its case, upon motion, the trial court has broad discretion to allow a party to reopen its case to present additional evidence. See Amador v. Amador, 796 So.2d 1212, 1213 (Fla. 3d DCA 2001). There was no such motion filed in the present case. The motion for rehearing/reconsideration filed by Alexander-Mitchell did not raise the mitigation-of-damages issue. Even if the trial court had properly allowed the case to be reopened, the testimony presented was inadequate at best. Mr. Rappaport's testimony at the March 2003 hearing concerning his "best guess" estimate of the cost to connect the property to the County wastewater system in 1994 was pure speculation. Such speculation was not competent, substantial evidence to support the trial court's action in reducing the total amount to be awarded to RNK.
*300 Accordingly, we reverse the amended order determining damages and remand for entry of a final judgment awarding RNK the sum of $93,334.62 with prejudgment interest.
Reversed and remanded with directions.
CASANUEVA and SILBERMAN, JJ., Concur.
NOTES
[1] Alexander-Mitchell filed a cross-appeal which we have determined has no merit.