932 So.2d 444 (2006)
MARSHALLS OF MA, INC., a foreign corporation, Petitioner,
v.
Cira MINSAL, Respondent.
No. 3D05-2415.
District Court of Appeal of Florida, Third District.
May 24, 2006.
Rehearing Denied July 24, 2006.
*445 Richard A. Sherman, Fort Lauderdale; Carman, Beauchamp & Sang and Alfred R. Bell, Jr., for petitioner.
Friedman & Friedman and John S. Seligman, Coral Gables; Lauri Waldman Ross, Miami, for respondent.
Before COPE, C.J., and SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Marshalls of MA, Inc. ("Marshalls") seeks a writ of certiorari, quashing the trial court's order overruling its objection to the production of incident reports prepared by 700 individual Marshalls stores.
The plaintiff allegedly tripped on a belt and fell in a Marshalls store. In accordance with Marshalls' policy, the store manager prepared a report concerning the incident. The plaintiff sought copies of all incident reports generated from each of Marshalls' stores for three years preceding the claimed incident. Marshalls objected; the trial court overruled the objection; but limited discovery to incident reports involving individuals who allegedly tripped on merchandise on the floor of any of Marshalls' stores within a one year period.
Marshalls seeks quashal of the trial court's order, arguing that its incident reports are protected by the work product privilege because they were prepared in anticipation of litigation. As the trial court concluded that the incident reports were not prepared in anticipation of litigation, and the matter is before this court on a petition for writ of certiorari, our review is limited to whether the trial court departed from the essential requirements of the law. See Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000)("For an appellate court to review a nonfinal order by petition for writ *446 of certiorari, the petitioner must demonstrate that the trial court departed from the essential requirements of the law, thereby causing irreparable injury which cannot be adequately remedied on appeal following final judgment."). In the particular context of this case, certiorari should only be granted if the record does not contain competent evidence to support the trial court's finding that the documents were not prepared in anticipation of litigation. Archbishop Coleman F. Carroll High School, Inc. v. Maynoldi, 922 So.2d 408 (Fla. 3d DCA 2006).
Because we conclude that the trial court applied the incorrect standard; there was competent record support that these reports were prepared in anticipation of litigation; and there was no competent evidence to the contrary, we find that the trial court departed from the essential requirements of the law; grant the petition; and quash the trial court's order granting production of the requested incident reports.
The first issue we address is the correct standard which must be applied by the trial court in determining whether a document may be shielded from discovery on the basis of the work product doctrine. "Under the work-product doctrine, documents prepared by or on behalf of a party in anticipation of litigation are not discoverable." Liberty Mut. Fire Ins. Co. v. Kaufman, 885 So.2d 905, 910 (Fla. 3d DCA 2004)(emphasis in original). Although incident or accident reports are often found to be work product,[1] such a finding is not automatic. See DeBartolo-Aventura, Inc. v. Hernandez, 638 So.2d 988, 990, n. 2 (Fla. 3d DCA 1994)("Defendants argue that as a matter of law, incident reports are invariably work product. That is not so."). Incident reports may be prepared for a purpose other than in anticipation of litigation, and when this is so, the reports are not work product. Id. For example, reports prepared solely for personnel reasons, such as to decide whether an employer should discipline its employees, are not work product. See Southern Bell Tel. and Tel. Co. v. Deason, 632 So.2d 1377, 1385-86 (Fla.1994). However, even if an incident report is prepared for one reason not in anticipation of litigation, it will still be protected as work product if it was also prepared for litigation purposes. See Federal Express Corp. v. Cantway, 778 So.2d 1052, 1053 (Fla. 4th DCA 2001)(finding that, even though company manuals indicated that the reports were required for the purpose of prevention, and did not mention the use of the reports for the purpose of litigation, this did not rule out the possibility that the reports were also prepared for litigation purposes); see also District Bd. of Trustees of Miami-Dade Cmty. College v. Chao, 739 So.2d 105 (Fla. 3d DCA 1999)(finding that an incident report did not lose its work product character by being distributed to other departments for the purpose of advising that remedial measures be taken). Thus, if these reports were prepared solely for a purpose other than litigation, they are not protected by the work product privilege. If they were prepared in anticipation of litigation, they will not lose their protected status even if they were also generated for another purpose.
In this district, as well as in other district courts, the standard to be applied when determining whether an incident report is protected by the work product doctrine, *447 is whether the document was prepared in response to some event which foreseeably could be made the basis of a claim in the future. Liberty Mut. Fire Ins. Co. v. Kaufman, 885 So.2d 905, 910 (Fla. 3d DCA 2004)(stating that a party objecting to discovery on the basis of the work product doctrine "maintains the burden to show that the materials were compiled in response to some event which foreseeably could be made the basis of a claim against the insured."); McRae's, Inc. v. Moreland, 765 So.2d 196 (Fla. 1st DCA 2000)(holding that documents concerning an incident were work product because they were prepared when it was foreseeable that litigation could arise from the incident); Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Fla. Constr., Commerce and Indus. Self Insurers Fund, 720 So.2d 535, 537 (Fla. 2d DCA 1998)(stating that, in deciding whether documents are work product, "[t]he trial court must focus on whether there is some event which could foreseeably be the basis of future litigation that compels the creation of the documents"); Waste Mgmt., Inc. v. Fla. Power & Light Co., 571 So.2d 507 (Fla. 2d DCA 1990)(applying the standard that documents are work product when they are prepared in response to an accident which foreseeably could have been made the basis of a claim); Anchor Nat'l Fin. Servs. v. Smeltz, 546 So.2d 760, 761 (Fla. 2d DCA 1989)(finding that preliminary investigative materials are privileged "if compiled in response to some event which foreseeably could be made the basis of a claim").
While the First, Second, Third, and Fifth District Courts apply this foreseeability standard, the Fourth District applies a somewhat stricter standard requiring that when the documents are prepared, the probability of litigation must be "substantial and imminent." See Liberty Mut. Fire Ins. Co. v. Bennett, 883 So.2d 373 (Fla. 4th DCA 2004)(stating that documents are not work product unless they are prepared when the probability of litigation is "substantial and imminent."), quashed on other grounds by Liberty Mut. Fire Ins. Co. v. Bennett, 905 So.2d 119 (Fla.2005); Allstate Indemnity Co. v. Ruiz, 780 So.2d 239 (Fla. 4th DCA 2001), quashed on other grounds by Allstate Indemnity Co. v. Ruiz, 899 So.2d 1121 (Fla. 2005); Cotton States Mut. Ins. Co. v. Turtle Reef Assocs., Inc., 444 So.2d 595, 596 (Fla. 4th DCA 1984)(finding that documents are work product only if they were prepared "in contemplation of litigation," and that the "[m]ere likelihood of litigation does not satisfy this requirement").
It appears that the Florida Supreme Court has not yet resolved this conflict. In Allstate Indemnity Company v. Ruiz, 899 So.2d 1121 (Fla.2005), the Florida Supreme Court accepted jurisdiction in an insurance bad faith case, based upon the conflict in the district courts with regard to the application of the work product privilege in the insurance bad faith context. While the Florida Supreme Court found that documents which might otherwise be protected by the work product privilege are not automatically protected in a bad faith insurance claim, and in fact "would appear to be freely discoverable in the bad faith action," id. at 1131, it limited its discussion and holding to bad faith insurance claims. As the Florida Supreme Court did not address the proper standard to apply regarding discovery of documents prepared in anticipation of non bad faith tort litigation, the conflict which exists between the First, Second, Third, and Fifth Districts, with the Fourth District Court, currently remains unresolved. We are, therefore, bound by controlling precedent in this district which applies the foreseeability standard set forth in Kaufman, 885 So.2d at 910. Thus, the standard the trial court was required to apply in determining *448 whether these incident reports were entitled to work product protection, is whether they were prepared in response to events which foreseeably could be made the basis of a claim against Marshalls.
In the instant case, the only record evidence even remotely suggesting that the incident reports were prepared for any reason other than in anticipation of litigation, is a statement by an assistant store manager of a Marshalls, made during a deposition taken in another case against Marshalls, in which the assistant manager was asked "Is one of the reasons for filling out the incident reports so that the store knows how many falls you have in a particular month or year or what the problem areas are?" The assistant manager replied "I guess that is probably what the company uses it for." This guess is not competent, substantial evidence upon which the trial court could have concluded that Marshalls prepares incident reports solely for reasons other than litigation purposes. See RNK Family Ltd. P'ship v. Alexander-Mitchell Assocs., 890 So.2d 297, 299 (Fla. 2d DCA 2004)(testimony concerning a guess was pure speculation and not competent, substantial evidence).[2]
In contrast, there are affidavits in the record in which the affiants specifically stated that the incident reports were prepared in anticipation of potential litigation. In the affidavit prepared by the claims specialist for CNA ClaimPlus, the company that handles the claims against Marshalls, the specialist stated that the incident reports were sent to her office for "use in connection with the anticipated defense of any claim which arises from said incident." Additionally, the Senior Vice President of the Human Resources Administration of Marshalls' parent company, submitted an affidavit stating that "It is the policy of MARSHALLS OF MA, INC., that upon any incident and/or accident in any store owned or operated by MARSHALLS OF MA, INC., that store personnel are required to report incidents to its insurer by and through CNA Claim-Plus, in anticipating litigation, and provide certain information for use in connection with the anticipated defense of any claim including but not limited to assisting counsel for MARSHALL[S] OF MA, INC., in their preparation for any potential litigation which may rise out of any incident or occurrence upon store premises."
As there is substantial competent record evidence that the incident reports in question were prepared in anticipation of foreseeable litigation, which is uncontroverted by any competent evidence, we conclude that the trial court's finding that the reports were not protected by work product, is unsupported by the record and departs from the essential requirements of the law in this jurisdiction. The fact that there was evidence that the reports may also have been prepared in order for Marshalls to identify areas of concern does not alter this finding, as it does not eliminate the work product privilege. See Federal Express Corp., 778 So.2d at 1053 (indicating that documents keep their work product protection even if they were prepared for an additional reason not in anticipation of litigation as long as the anticipation of litigation was one of the reasons for preparing the documents); Chao, 739 So.2d 105.
*449 Based upon the previously quoted affidavits submitted by Marshalls, we conclude that Marshalls met its burden in providing competent record evidence that the incident reports were made in response to events which foreseeably could be made the basis of a claim against Marshalls. See Kaufman, 885 So.2d at 910. As this evidence was uncontroverted; the evidence that the reports were generated for a purpose other than litigation was speculative; and even if true would at best provide an additional, not the sole purposes for the creation of these reports, we conclude that the trial court departed from the essential requirements of the law when it found that the incident reports were not protected by the work product privilege. Accordingly, we grant the writ of certiorari and quash the trial courts order compelling Marshalls to produce its incident reports.
Petition granted.
NOTES
[1] "[A]ccident reports have generally been considered not discoverable pre-trial as falling with the `work product' privilege because they are prepared by a party solely for litigation purposes and have no other business purpose." Stambor v. One Hundred Seventy-Second Collins Corp., 465 So.2d 1296, 1298 (Fla. 3d DCA 1985).
[2] The manager of the Marshalls store in which the plaintiff in the instant case actually fell, testified in her deposition, in response to the question "Why does this company require you to fill out an incident report every time somebody falls?" that "According to my understanding, it is to cover themselves from the people who later on might want to  the same thing that is happening right now."