JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendants-appellants FCI USA, Incorporated ("FCI"), et al. appeal the trial court's order that denied FCI's motion for protective order and further ordered it to produce an unredacted copy of a letter addressed to the Occupational Safety and Health Administration Department ("OSHA") from one of FCI's employees. FCI contends that the subject disclosure involves information covered by the work-product doctrine. For the reasons that follow, we affirm.
 {¶ 2} This discovery dispute emanates from an employer intentional tort action. Plaintiff-appellee, Volodymr Leonchyk ("Leonchyk"), sustained injuries while operating a "Benchmaster punch press" during his employment with FCI on September 26, 2003.
 {¶ 3} Leonchyk, through his attorney, submitted a Freedom of Information Act ("FOIA") request to OSHA by letter dated November 14, 2004, seeking "a complete copy of OSHA investigation that may have been conducted in regard to the industrial injury that occurred at FCI on or about September 26, 2003 involving the injured worker, Volodymyr Leonchyk * * * [and] all file materials including photographs."
 {¶ 4} OSHA denied Leonchyk's FOIA request "due to a lack of records" that "met the criteria of" his request. *Page 4 
 {¶ 5} Leonchyk deposed FCI's Human Resources/Plant Manager and learned that he had drafted a correspondence to OSHA reporting the injury. According to this witness, FCI sent the letter to OSHA by registered mail and received confirmation from OSHA of its receipt.
 {¶ 6} FCI eventually produced a redacted version of the correspondence, explicitly invoking the work-product doctrine. Leonchyk moved the court to compel production of an unredacted version of this document, while FCI moved for a protective order denying its disclosure on the basis of the work-product doctrine. In support thereof, FCI produced an affidavit from its Senior Vice President and Counsel indicating that an internal investigation concerning Leonchyk's accident had been conducted in anticipation of litigation. The trial court ordered FCI to produce an unredacted version of the document; which gave rise to the instant appeal and presents one assignment of error for our review:
 {¶ 7} "[1.] The trial court erred when it denied FCI USA, Incorporated's Motion for Protective Order and ordered FCI to disclose an unredacted copy of Lou Petersen's October 9, 2003 letter to OSHA."
 {¶ 8} The abuse of discretion standard applies when reviewing a trial court's resolution of discovery disputes. Toney v. Berkemer (1983),6 Ohio St.3d 455. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. *Page 5 
 {¶ 9} FCI maintains that the redacted information pertained to information prepared in anticipation of litigation. Specifically, FCI contends that the redacted portions relate to an investigation of the workplace accident ordered by its legal department. FCI asserts that the information is privileged under the work-product doctrine. FCI further asserts that Leonchyk has not established a need for the information and cannot do so because FCI has made the machine available for his experts' own inspection. FCI, however, does not dispute that it sent the correspondence to OSHA.
 {¶ 10} Leonchyk counters that the production should be compelled essentially because the document was sent to OSHA, a public entity, as a consequence of federal law pertaining to the reporting of workplace injuries pursuant to 29 CFR 1910.217(g). Leonchyk asserts that if OSHA could have located the subject document it would have disclosed it without redaction. FCI does not maintain or allege that the information is exempt from disclosure in the FOIA. Accordingly, the parties have not asserted and we, therefore, need not decide whether the FOIA would permit OSHA to disclose to third parties information it receives from employers who comply with the mandatory reporting requirements of29 CFR 1910.217(g). Instead, our inquiry is focused upon whether any portions of a document that FCI sent to OSHA, as required by law, retained any protection from disclosure as work product.
 {¶ 11} "Work product consists of `documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's *Page 6 
representative' and may be discovered only upon a showing of good cause. Civ. R. 26(B)(3). This rule is often referred to as the `work-product doctrine.' The purpose of the work-product doctrine is `to prevent an attorney from taking undue advantage of his adversary's industry or efforts.' Civ. R. 26(A)(2)." Boone v. Vanliner Ins. Co.,91 Ohio St.3d 209, 210. Federal courts have determined that "[w]hen a party discloses protected materials to a government agency investigating allegations against it, the work-product doctrine is waived as to all other adversaries." Cooper Hos./Univ. Med. Ctr. v. Sullivan, 1998 U.S. Dist. LEXIS 22198 (D. N.J. 1998), citing Westinghouse Electric Corp. v.Republic of the Phillipines (C.A. 3, 1991), 951 F.2d 1414, 1428.
 {¶ 12} In this instance, FCI responded to Leonchyk's production request and in its written answer indicated that the "October 9, 2003 letter to OSHA at Bates NO. FCI 0157, has been redacted as to paragraph no. 5 only to protect privileged work product." FCI's Senior Vice President and Counsel subsequently provided an affidavit in support of this position to the effect that she commissioned an internal investigation of Leonchyk's workplace accident in accordance with company policy and in anticipation of litigation.
 {¶ 13} Leonchyk indicates, and the legislation supports an inference, that the redacted portion of the OSHA correspondence correlates to the portion of the federal law that requires the employer to include in its report the "cause of the accident." 29 CFR 1910.217(g), (v). It is not disputed that the law required FCI to prepare this report and, therefore, it was not prepared in anticipation of litigation. While the *Page 7 
internal documents concerning FCI's investigation do qualify as work product that is protected from disclosure, Leonchyk is not seeking the disclosure of those internal documents. He is seeking only the disclosure of the document FCI said it prepared for, and submitted to, OSHA. The authority relied upon by FCI is distinguishable on this basis. See, generally, Fed. Express Corp. v. Cantway, 778 So.2d 1052 (Fla. 2001); Smith v. Nat. RR Passenger Corp. (Va.Cir.Ct. 1991), 22 Va. Cir. 348; see, also, Waste Mgt, Inc. v. Florida Power Light Co. (Fla. 1990), 571 So.2d 507, 509(noting that "the report filed with OSHAmay be subject to discovery from OSHA" but that the internal documents used to compile it would retain privileged status.) (Emphasis added.)
 {¶ 14} Because no party is claiming that an exemption to disclosure under the FOIA exists and because the undisputed evidence establishes that FCI's Plant Manager drafted the correspondence, sent it by registered mail to OSHA, and received confirmation of its receipt by OSHA, the trial court did not abuse its discretion by requiring FCI to produce an unredacted copy of this letter to Leonchyk.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 JAMES J. SWEENEY, A.J. and CHRISTINE T. MCMONAGLE, J., CONCUR. *Page 1