IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RUBY TUESDAY, INC. AND
CATHERINE ANDERSON,

       Petitioners,

 v.                                        Case No.  5D17-1158

KAREN METALONIS,

       Respondent.

_____/

Opinion filed August 25, 2017

Petition for Certiorari Review
of Order from the Circuit Court
for Lake County, Mark J. Hill,
Judge.

Michael R. D'Lugo, of Wicker Smith
O'Hara McCoy & Ford, P.A., Orlando,
for Petitioners.

Kurt Zaner, of Zaner Harden Law, LLP,
Denver, CO, and Charles T. Douglas, of
Douglas & Hedstrom, P.A., Palatka, for
Respondent.


PER CURIAM.

      Petitioners challenge an order compelling the production of an incident report

prepared after Respondent allegedly was injured when a chair collapsed at a Ruby

Tuesday restaurant.  Although the trial court's order compelling production of the incident

report does not provide the court's reasoning, Respondent argued below that the report was not made in anticipation of litigation and that she had a demonstrated need for the report nevertheless.

The determination of whether an incident report was prepared in anticipation of litigation turns on whether "the document was prepared in response to some event which foreseeably could be made the basis of a claim in the future." *Marshalls of MA, Inc. v. Minsal*, 932 So. 2d 444, 446-47 (Fla. 3d DCA 2006). Although the subjective intent of the reporter in making the report might be relevant to this determination, it is by no means dispositive because an objective standard applies. Here, the reporter testified that she made the report in accordance with company policy to report incidents of injury to patrons. The fact that the reporter did not personally foresee the potential claim and did not know the purpose for the company policy did not negate a finding that the report was work product. It was clear that the alleged injury was caused by an object in Petitioners' control and there was some evidence to suggest that Petitioners had prior knowledge of the defective condition of the chair. Under the circumstances presented here, it was foreseeable that the event might form the basis for a claim. Accordingly, the incident report was protected work product.

As for Respondent's argument regarding need, we conclude without elaboration that the present record demonstrates that Respondent did not meet her burden on this issue.

ORDER QUASHED.

COHEN, C.J., ORFINGER and TORPY, JJ., concur.

2