# Third District Court of Appeal

## State of Florida

Opinion filed December 1, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1878
Lower Tribunal No. 20-25791
_____

**Winn-Dixie Stores, Inc.,**
Petitioner,

vs.

**Miriam Mercedes Lopez,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Kubicki Draper, P.A., and Barbara E. Fox, for petitioner.

Jimenez Hart Mazzitelli Mordes, and Mark B. Hart, and Benjamin Mordes, for respondent.

Before HENDON, MILLER and BOKOR, JJ.

BOKOR, J.

Winn-Dixie petitions for certiorari relief from an order of the trial court requiring production of portions of an incident report. After an in-camera inspection, the trial court concluded that two portions of the incident report ("Injury/Illness" and "Narrative") contain Lopez's statements and "must be produced." Upon closer inspection, we conclude that the incident report contains no witness statement, as contemplated by Florida Rule of Civil Procedure 1.280(b)(4). The trial court's order departs from the essential requirements of law and impermissibly requires production of an otherwise work-product protected incident report. Certiorari review is appropriate because the harm of disclosure of work-product protected material cannot be remedied on plenary appeal. See Allstate Ins. Co. v. Langston, 655 So. 2d 91, 94 (Fla. 1995) ("Discovery of certain kinds of information 'may reasonably cause material injury of an irreparable nature.' This includes. . . material protected by privilege . . . .") (internal citations omitted).

Winn-Dixie argues, as a preliminary matter, that Lopez made no "showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fla. R. Civ. P. 1.280(b)(4). Lopez correctly notes that a party need not show need and undue hardship to obtain its own statement. However, to qualify as a

witness statement (or, in this case, a party's witness statement) under Rule 1.280, the statement must be a "written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or transcription of it that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded." Id.[1]

A cursory review of the incident report, including the sections of the report identified in the trial court's order, reveal that Lopez was not the author of the identified sections. Despite the inference accepted by the trial court that some of the information in the sections identified came from Lopez, we cannot escape the fact that the report fails to identify Lopez as making any statements and, in any event, fails to authenticate such statements, as required by rule and our case law. A review of the document reveals neither a written statement signed or otherwise adopted or approved by the person making it, nor a stenographic, mechanical, electrical, or otherwise recorded oral statement or transcription of such an

---

[1] See also Fla. Stat. § 92.33 ("[a]ny person having taken, or having possession of any written statement or a copy of such statement, by any injured person with respect to any accident or with respect to any injury to person or property shall, at the request of the person who made such statement or his or her personal representative, furnish the person who made such statement or his or her personal representative a true and complete copy thereof").

oral statement.  See Dist. Bd. of Trs. of Miami-Dade Cmty. Coll. v. Chao, 739 So. 2d 105, 107 (Fla. 3d DCA 1999) ("the incident report form has a space for the claimant to sign, but in this case plaintiff was not actually asked to sign it.  Since there is no signature and no other evidence of adoption or approval by plaintiff, she is not entitled to production of the incident report under this provision of the rule").[2]  Like in Chao, the report at issue here contains no indicia of adoption or approval of the purported witness statement.  Accordingly, the identified portions cannot qualify as a party statement subject to production under Florida Rule of Civil Procedure 1.280(b)(4).

Petition granted; order quashed.

---

[2] Chao nonetheless denied the certiorari petition on other grounds, explaining that the respondent was entitled to the entire incident report, not because it contained respondent's statement, but because respondent made a showing of need and undue hardship in obtaining information contained in the report.  See Chao, 739 So. 2d at 107-08.

4