COWART, Judge.
Epoch Properties manages certain apartments and has liability insurance with Continental Casualty Company. A burglary and sexual assault occurred at the apart *312 ments. Continental Casualty employed an independent adjusting agency to investigate the incident. Gary Maguire, an individual adjuster, investigated and made recordings of statements (and written transcripts of the recorded statements) of the alleged rape victim and of one Johnny Lee Siplin, an employee of Epoch Properties. Siplin was thereafter accused and criminally charged with the burglary and sexual assault. In the criminal case the State subpoenaed Gary Maguire and required production of the original tapes of the statements, or written transcripts thereof, and all records of his investigation of the sexual assault.[1] Maguire, Epoch Properties and Continental Casualty Company moved to quash the subpoena duces tecum and moved for a protective order asserting a work product privilege and from a denial of those motions they seek certiorari review in this court.
We deny the petition for writ of certiora-ri. Under the circumstances of this case the State’s right to obtain evidence for use in a criminal case is more important to society and the public interest than petitioners' work product privilege which is based on a court approved civil rule of procedure.[2] This ease does not involve any claim by Mr. Siplin, the defendant in the criminal case, as to constitutional rights against self-incrimination or interference with the constitutional right to counsel or attorney-client, or other privilege.[3] Furthermore, our holding that petitioners’ work product privilege is not a bar to production of evidence pursuant to a State subpoena in a criminal case does not necessarily mean that petitioners will be unable to successfully assert a work product privilege in any civil case to which they are parties.[4]
The petition for writ of certiorari is
DENIED.
COBB, C.J., and DAUKSCH, J., concur.

. The trial court found that the liability insurer, in anticipation of litigation, employed the independent adjusting agency to investigate the assault; based on this finding we have assumed that Maguire’s records of investigation and the statements of witnesses were work product. Cf. Selected Risks Insurance Co. v. White, 447 So.2d 455 (Fla. 4th DCA 1984).

. Fla.R.Civ.P. 1.280(b)(2). See generally Imparato v. Spicola, 238 So.2d 503 (Fla. 2d DCA 1970).

. Cf. Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980).

. If the rape victim sues the apartment manager in negligence and she is unable without undue hardship to obtain the substantial equivalent of Siplin’s relevant statement by other means, she may be entitled to it although work-product. See Fla.R.Civ.P. 1.280(b)(2).