DAUKSCH, Judge,
concurring specially:
While I agree this petition should be denied on the authority of Maguire v. State, 458 So.2d 311 (Fla. 5th DCA 1984) I write to clarify a point for the petitioner. Here, a car rental company seeks to prohibit the state from subpoenaing its work product. The state seeks to obtain an accident investigation report prepared in anticipation of civil litigation. Hertz, as an owner of a motor vehicle, may be sued by the estate of a person who died, and others, on account of a collision in which its car was involved.
Petitioner has quoted Winn Dixie v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), rev. den., 446 So.2d 100 (Fla.1984) as au *363 thority for its position. That opinion is quoted in the petition.
A potential defendant’s right to fully investigate and memorialize the results of the investigation should not be restricted any more than should a potential Plaintiff’s. Our system of advocacy and dispute settlement by trial mandates that each side should be able to use its sources of investigation without fear of having to disclose it all to its opponents. This allows for free discussion and communication during preparation for litigation. If all reports and other communications of the litigants were available to the opposition then those communications would certainly be stilted, unreveal-ing and thus self-defeating in their purpose.
I suggest one of the key words in the quote is “opponents”. The state is not an opponent and as was said in Maguire “the state’s right to obtain evidence for use in a criminal case is more important to society ... than petitioners’ work product privilege ...” As that case indicates, other protections can be afforded to petitioner should a true opponent seek, now or later, to obtain the work product. The prosecution of a person accused of manslaughter is paramount to a civil discovery rule, so the petitioners must cooperate.