495 So.2d 1243 (1986)
Ronald L. RUHLAND, et al., Petitioners,
v.
Robert E. GIBEAULT, et al., Respondents.
No. 86-1086.
District Court of Appeal of Florida, Fifth District.
October 23, 1986.
Timothy E. DePalma of Smalbein, Eubank, Johnson, Rosier & Bussey, Orlando, for petitioners.
Robert S. Sigman, Orlando, for respondents.

*1244 ON PETITION FOR WRIT OF CERTIORARI
COBB, Judge.
The petitioners, defendants in a negligence action, were served by the plaintiffs with a request to produce, inter alia, 1) all documentary proof that injuries claimed by the plaintiff, Robert Gibeault, were the result of some incident other than an intersectional collision dated March 16, 1983, and 2) all documentary proof referring to Gibeault in possession of defendants or their agents prior to that date. The request was directed to claims files in the possession of Liberty Mutual, which insures the defendants in the present action and also insured another litigant sued by Gibeault as the result of a 1979 collision, which did not involve these defendants. The trial court denied the defendants' objections, which were based on work product, and certiorari is sought to review that order.
At the hearing on the defense objections, the plaintiffs made no showing or contention, per Florida Rule of Civil Procedure 1.280(b)(2), that the requested materials were necessary for preparation of their case and they were unable without undue hardship to secure their substantial equivalent by other means. The trial court's ruling was based on the fact that the earlier accident files were closed.
As for the trial court's determination that the work product privilege expires when a case file is closed, the petitioners cite to the case of Alachua General Hospital, Inc. v. Zimmer U.S.A., Inc., 403 So.2d 1087 (Fla. 1st DCA 1981), which held that the work product privilege does not end when the litigation ends. A number of Federal cases are in accord. See e.g., U.S. v. Leggett & Platt, Inc., 542 F.2d 655 (6th Cir.1976), cert. denied, 430 U.S. 945, 97 S.Ct. 1579, 51 L.Ed.2d 792 (1977); In re Murphy, 560 F.2d 326 (8th Cir.1977); and Duplan Corp. v. Moulinage et Retorderie de Chavanoz, 487 F.2d 480 (4th Cir.1973).
There appears to be no question that the information sought in the request to produce relates to information developed in anticipation of litigation, since, in fact, the respondents did sue Liberty Mutual's insured in the 1979 incident. Furthermore, the respondents do not argue that the request does not include items prepared in anticipation of litigation. Pursuant to the law set forth above, those documents generated in the original litigation involving the respondents and another Liberty Mutual insured are protected by the work product privilege,[1] even though the file is closed.
Clearly, the burden is on the party who seeks to overcome a work product objection to show a need for the documents sought and demonstrate that they are unable, without undue hardship, to obtain the equivalent by any other means. Traditionally, such discovery orders are reviewable by certiorari where plenary appeal would not preclude irreparable injury. See Powell v. Wingard, 402 So.2d 532 (Fla. 5th DCA 1981); Insurance Company of North America v. Noya, 398 So.2d 836 (Fla. 5th DCA 1981); Boucher v. Pure Oil Company, 101 So.2d 408 (Fla. 1st DCA 1957). Accordingly, we grant the petition for writ of certiorari and quash the trial court's order compelling discovery of the documentary materials indicated above, without prejudice to the right of the respondents to make the showing required by Rule 1.280(b)(2), Florida Rules of Civil Procedure.
QUASHED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] See, e.g., Walt Disney World Co. v. Cotto, 462 So.2d 486 (Fla. 5th DCA 1984); Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), review denied, 446 So.2d 100 (Fla. 1984); Cavalere v. Graham, 423 So.2d 428 (Fla. 5th DCA 1982).