546 So.2d 37 (1989)
MOUNT SINAI MEDICAL CENTER, Petitioner,
v.
Sandra SCHULTE and Thomas Schulte, Respondents.
No. 89-901.
District Court of Appeal of Florida, Third District.
June 27, 1989.
*38 Kelner and Kelner and John D. Kelner, Miami, for petitioner.
Brumer, Cohen, Logan, Kandell & Kaufman and Karen A. Curran, Miami, for respondents.
Before BASKIN, JORGENSON and COPE, JJ.
PER CURIAM.
By petition for writ of certiorari petitioner asks that we vacate an order requiring production of an otherwise confidential hospital incident report, see § 395.041(4), Fla. Stat. (1987), pertaining to the alleged injury which is the subject of the medical malpractice action below. A hospital incident report is deemed to be attorney work product and is discoverable only upon a showing that the requesting person "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fla.R.Civ.P. 1.280(b)(3) (as amended 1989); accord Dade County Public Health Trust v. Zaidman, 447 So.2d 282, 283 (Fla. 3d DCA 1983). The showing of undue hardship proffered here is that the report may disclose (1) the make and manufacturer of a broken epidural catheter (as to which other discovery has been fruitless), and (2) additional details about the incident itself. The second reason is insufficient, as the participating hospital personnel and other contemporaneous hospital records have been made available to respondents. The fact that the incident report might yield additional information about the incident is not enough, without more, to show "undue hardship."
The first reason, by contrast, is sufficient to compel disclosure of the make and manufacturer of the epidural catheter, assuming that information is contained in the incident report, but is not enough to compel disclosure of the entire incident report. See Fla.R.Civ.P. 1.280(b)(3). We therefore grant the writ and direct that the trial court conduct an in camera inspection of the incident report. If the incident report discloses the make or manufacturer of the epidural catheter, then that information shall be disclosed to respondents, but the incident report itself shall not be produced to respondents.
Certiorari granted, order quashed, and remanded with directions.