595 So.2d 303 (1992)
STATE FARM FIRE AND CASUALTY COMPANY, Petitioner,
v.
Gizela VON HOHENBERG and Mario Sorrentino, her husband, Respondents.
No. 91-2386.
District Court of Appeal of Florida, Third District.
March 24, 1992.
Richard A. Sherman, P.A., Green, Haverman & Ackerman, P.A., Ft. Lauderdale, and Jay B. Green, for petitioner.
Lee, Schulte, Murphy & Eaton and Thomas J. Schulte, Jupiter, for respondents.
Before NESBITT, FERGUSON and GERSTEN, JJ.
PER CURIAM.
In the underlying action upon which this petition is based, petitioner sued her condominium association after being assaulted at her condominium. Subsequently, the insurance company for the condominium association, State Farm, undertook an investigation of the woman's claim, including surveillance *304 of the woman. The woman then sued State Farm for invasion of privacy, which claim was thereafter severed from her personal injury action. Upon her subsequent motion to compel the discovery of information from both the condominium association and the insurer, the trial judge ruled that after the personal injury trial, State Farm would have to produce its claim file, and could not assert any work product or attorney-client privileges, whatsoever, regarding its files, documents, or communications. The court held it would review only assertions of attorney-client privilege on the part of the condominium association attorney.
We grant the petition and hold that the scope of the instant order is so broad that it constitutes a departure from the essential requirements of law. See General Accident Fire & Life Assurance Corp. v. Golding, 436 So.2d 1108 (Fla. 4th DCA 1983). Whether all or a portion of the information sought to be discovered is protected by work product immunity, Airocar, Inc. v. Goldman, 474 So.2d 269 (Fla. 4th DCA 1985), or by attorney-client privilege remains in question. Further, if certain information is protected by work product immunity but not attorney-client privilege, it is yet to be demonstrated whether the appropriate showing under Florida Rule of Civil Procedure 1.280(b), can be made. See State Farm Mut. Auto Ins. v. Kelly, 533 So.2d 787, 788-89 (Fla. 4th DCA 1988).
Even if the material sought through discovery is relevant to the subject matter of the case, and admissible or reasonably calculated to lead to admissible evidence, particular items of information sought to be discovered may be privileged and beyond permissible discovery. East Colonial Refuse Service, Inc. v. Velocci, 416 So.2d 1276 (Fla. 5th DCA 1982). Furthermore, the burden is on the party who seeks to overcome a work product objection to show a need for the documents sought and demonstrate that they are unable, without undue hardship, to obtain the equivalent by any other means. Ruhland v. Gibeault, 495 So.2d 1243, 1244 (Fla. 5th DCA 1986). Clearly, the instant order was overbroad.
Accordingly, we grant the petition and quash the trial court's blanket discovery order, without prejudice to the right of respondents to make the showing required by Florida Rule of Civil Procedure 1.280.