638 So.2d 988 (1994)
DeBARTOLO-AVENTURA, INC., d/b/a Aventura Mall Venture, and Turnberry Aventura Mall Company, d/b/a Aventura Mall Venture, Petitioners,
v.
Virginia HERNANDEZ, Respondent.
No. 94-570.
District Court of Appeal of Florida, Third District.
June 14, 1994.
*989 Richard A. Sherman and Rosemary B. Wilder (Ft. Lauderdale); Ligman, Martin & Evans and James Mayfield, for petitioners.
Malove, Kaufman & Marbin; Lawrence & Daniels and Adam H. Lawrence, for respondent.
Before NESBITT, COPE and LEVY, JJ.
COPE, Judge.
DeBartolo-Aventura, Inc., and Turnberry Aventura Mall Company petition for a writ of certiorari to review an order denying their objection to production of documents on grounds of work product immunity. We grant the petition.
Plaintiff-respondent Virginia Hernandez was a customer at the Aventura Mall, where she was robbed. Plaintiff sued defendant-petitioners DeBartolo-Aventura, Inc., and Turnberry Aventura Mall Company for negligent failure to provide security. Plaintiff served a request for production of documents in which she requested, inter alia, all incident reports for crimes committed inside the Aventura Mall and its adjacent parking lots for the years 1988-91; all incident reports for the incident involving the plaintiff; and all incident reports showing security guard interdiction of crime on the premises of the Mall for the one-year period prior to the date of the attack on plaintiff. Defendants objected that the incident reports were protected by the work product doctrine. The trial court ordered production of the incident reports, and defendants have petitioned for certiorari. The petition is well taken.
For present purposes it is assumed that the incident reports were prepared in anticipation of litigation and thus are work product. Under Florida Rule of Civil Procedure 1.280(b)(3), a party may obtain discovery of an opposing party's "documents ... prepared in anticipation of litigation ... only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Id. See generally Southern Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1385 (Fla. 1994). To make that showing, plaintiff argued only that information about prior criminal incidents was within the scope of discovery and that such information was known to the defendants but not to the plaintiff. Plaintiff contended that she was therefore entitled to require production of the incident reports.
The plaintiff's showing was insufficient. "The rationale supporting the work product doctrine is that `one party is not entitled to prepare his case through the investigative work product of his adversary where the same or similar information is available through ordinary investigative techniques and discovery procedures.'" Southern Bell *990 Tel. & Tel. Co., 632 So.2d at 1384 (citation omitted). Clearly the plaintiff can use the ordinary tools of discovery to learn the facts of the incident involving plaintiff, as well as the facts of the prior criminal incidents on the property. This can be accomplished by interrogatories and depositions directed to defendants. Further, plaintiff may direct discovery or public records requests to the relevant law enforcement authorities having jurisdiction at the Mall. "The fact that the incident report might yield additional information about the incident is not enough, without more, to show `undue hardship.'" Mt. Sinai Medical Center v. Schulte, 546 So.2d 37, 38 (Fla. 3d DCA 1989). See generally State Farm Fire & Casualty Co. v. Von Hohenberg, 595 So.2d 303, 304 (Fla. 3d DCA 1992); Dade County Public Health Trust v. Zaidman, 447 So.2d 282, 283 (Fla. 3d DCA 1983); Charles W. Ehrhardt, Florida Evidence § 502.9 (1993 ed.).
Documents protected by the work product immunity must not be lightly invaded, but only upon a particularized showing of need satisfying the criteria set forth in Rule 1.280. As plaintiff has ample ability to propound discovery in order to obtain the information she seeks, plaintiff's showing was wholly insufficient to satisfy her burden under Rule 1.280(b)(3). The trial court's order is therefore quashed.
Our ruling is without prejudice to the plaintiff's right to challenge the status of these incident reports as constituting work product, if further discovery in the case should reveal that the incident reports were not prepared in anticipation of litigation. It is evident that in the trial court plaintiff assumed the incident reports constituted work product, but sought to discover them under that part of Rule 1.280(b)(3) which allows discovery of work product upon a showing of need of the materials in the preparation of the case and an inability without undue hardship to obtain the substantial equivalent of the materials by other means. Our ruling in this case does not foreclose the ability of the plaintiff to inquire into the purpose for which the incident reports are prepared, and to challenge their status as work product if the plaintiff is able to develop a factual basis for doing so.
Plaintiff has sought to challenge the work product status of the incident reports in this court, arguing that when the defendants asserted the work product privilege, it was their responsibility to file with the objection an affidavit documenting that the incident reports were prepared in anticipation of litigation. Plaintiff may not raise this issue for the first time in this court.[1] That aside, plaintiff's position is without merit. Under Florida Rule of Civil Procedure 1.350, the response to the request for production of documents need only set forth the objection and the reason for the objection. Fla.R.Civ.P. 1.350(b) ("[T]he response shall state that inspection ... will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated."). "If the requesting party wants to pursue the request over the objection, he may move to compel production... ." Henry P. Trawick, Jr., Trawick's Florida Practice & Procedure § 16-10, at 270 (1993 ed.); accord The Florida Bar, Florida Civil Practice Before Trial § 16.62, at 16-55 (5th ed. 1993) ("Once objections are made, it becomes the decision of the requesting party to proceed with a motion to compel under Rule 1.380 or to accept the objection."). If the motion to compel production challenges the status of the incident reports as work product, defendants must then show that the documents were prepared in anticipation of litigation.[2]
*991 We grant the petition for writ of certiorari, quash the order compelling production of the incident report, and remand for further proceedings consistent herewith.
Certiorari granted.[3]
NOTES
[1] In this court plaintiff contended that it raised such a challenge in the trial court. Plaintiff's fleeting, one-sentence reference in its memorandum filed below actually makes a different argument: plaintiff argued that the work product privilege was available only for work product prepared in anticipation of this litigation, but is not available for materials prepared in anticipation of other litigation. Rule 1.280 is not so limited.
[2] Defendants argue that as a matter of law, incident reports are invariably work product. That is not so. As Rule 1.280 indicates, work product consists of materials prepared in anticipation of litigation or trial. Fla.R.Civ.P. 1.280(b)(3); Charles W. Ehrhardt, Florida Evidence § 502.9, at 270 ("The work product privilege only applies to materials obtained or developed in anticipation of litigation or for trial."). If incident reports are compiled for a different purpose, not in anticipation of litigation, then the work product doctrine by definition does not apply. See Southern Bell Tel. & Tel. Co., 632 So.2d at 1385-86 (overruling claim of work product immunity for certain documents prepared for personnel reasons, not in anticipation of litigation).
[3] Plaintiff has also argued that the record is insufficient because there was no court reporter at the hearing below. However, at the hearing the trial court deferred ruling and entered an order directing the parties to submit memoranda on the issue of work product privilege. The parties' memoranda thoroughly delineated their respective legal positions. The court ruled after receiving the memoranda. In our view the record is sufficient for consideration of the petition for writ of certiorari.