685 So.2d 1035 (1997)
INTERCONTINENTAL PROPERTIES, INC., Petitioner,
v.
Reynold SAMY, et al., Respondents.
No. 96-3073.
District Court of Appeal of Florida, Third District.
January 15, 1997.
Ribler, Gilmartin & Sanchez and Rebecca W. Ribler, Miami; Kimberly L. Boldt, Coconut Grove, for petitioner.
Robert G. Corirossi, Miami, for respondents.
Before NESBITT, GODERICH and GREEN, JJ.
NESBITT, Judge.
Intercontinental Properties, Inc., petitions for a writ of certiorari to review an order denying its objection to production of documents on grounds of work product immunity. We grant the petition.
Plaintiff-respondent Reynold Samy was an employee working on the seventh floor of a building maintained by petitioner Intercontinental when, Samy maintained, he slipped and fell on an interior stairway as he was evacuating the building, when a fire alarm went off. Samy and his wife sued Intercontinental for negligence in the inspection, repair and maintenance of the stairway. As part of discovery Samy served a request for:
16. All accident and/or incident reports for all falls that occurred on the premises located at 701 S.W. 27th Avenue, Dade County, Florida during the three years prior to, and including September 2, 1994, except for the fall of Reynold Samy. (A.7)
Intercontinental objected, arguing that the incident reports were protected by the work product doctrine. The trial court ordered production of the incident reports, and Intercontinental filed the instant petition.
The Fifth District's observations in Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307, 308-309 (Fla. 5th DCA 1983) review denied 446 So.2d 100 (Fla.1984), although concerning a slip and fall at a grocery store, are applicable to the instant question. Therein the court concluded:
Although the plaintiff urges the materials sought are not work product we cannot help but say otherwise. Work product is defined in Rule 1.280 as "... documents and tangible things ... prepared in anticipation of litigation...." It is hardly arguable that an accident report of a slip and fall incident in a grocery store, prepared by the grocery store employees or agents, is not a document prepared in anticipation of litigation. Those reports certainly are not prepared because of some morbid curiosity about how people fall at the market. Experience has shown all retail stores that people who fall in their stores try to be compensated for their injuries. Experience has also shown those stores that bogus or frivolous or exaggerated claims might be made. A potential defendant's *1036 right to fully investigate and memorialize the results of the investigation should not be restricted any more than should a potential plaintiff's. Our system of advocacy and dispute settlement by trial mandates that each side should be able to use its sources of investigation without fear of having to disclose it all to its opponents. This allows for free discussion and communication during preparation for litigation. If all reports and other communications of the litigants were available to the opposition then those communications would certainly be stilted, unrevealing and thus self-defeating in their purpose. So, absent a showing of (1) a need and (2) an inability to otherwise obtain the substantial equivalent without undue hardship, the plaintiff is not entitled to compelled discovery of the accident reports.
Likewise this court granted review of an order to produce accident reports in DeBartolo-Aventura, Inc. v. Hernandez, 638 So.2d 988 (Fla. 3d DCA 1994) (holding that under Florida Rule of Civil Procedure 1.280(b)(3), a party may obtain discovery of an opposing party's documents ... prepared in anticipation of litigation ... only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.) See generally Southern Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1385 (Fla.1994).
The rationale supporting the work product doctrine is that "one party is not entitled to prepare his case through the investigative work product of his adversary where the same or similar information is available through ordinary investigative techniques and discovery procedures." Southern Bell, 632 So.2d at 1384.
Here, clearly Samy can use the ordinary tools of discovery to learn the facts of the prior incidents on the property. This can be accomplished by interrogatories and depositions directed to Intercontinental. "The fact that the incident report might yield additional information about the incident is not enough, without more, to show `undue hardship.' "DeBartolo-Aventura, 638 So.2d at 990 quoting Mt. Sinai Medical Center v. Schulte, 546 So.2d 37, 38 (Fla. 3d DCA 1989).
Documents protected by work product immunity must not be lightly invaded, but only upon a particularized showing of need satisfying the criteria set forth in Rule 1.280. Here, as Samy has ample ability to propound discovery in order to obtain the information he seeks, Samy's showing was wholly insufficient to satisfy his burden under Rule 1.280(b)(3). See DeBartolo-Aventura, 638 So.2d at 990.
Accordingly, we grant the petition for writ of certiorari, quash the order compelling production of the incident reports, and remand for further proceedings consistent herewith.
Certiorari granted.