PER CURIAM.
Carnival Cruise Lines, Inc. [Carnival] petitions for a writ of certiorari seeking to quash the portion of the trial court’s order compelling Carnival to produce seven witness statements. We grant the petition.
The respondent, Jane Doe (N.N.), alleged that she had been raped by five Carnival crew members while on board one of Carnival’s ships. In response, Carnival’s personnel interviewed seven witnesses and prepared their statements. A few days after the alleged rape, the U.S. Attorney and the Federal Bureau of Investigation [FBI] served Carnival with a grand jury subpoena commanding it to produce the witness statements. In response, Carnival turned over the statements to the FBI.
The names and addresses of the seven witnesses were revealed by Carnival to the respondent in responses to interrogatories. The respondent then served Carnival with a request for production seeking production of “any and all documents provided by Carnival to any official agency of any government (i.e.: Federal Bureau of Investigation ...) regarding the incident alleged in the complaint.” Carnival objected to *1221 the request for production arguing that the witness statements and other documents were protected by its work product privilege.
Following an in-camera review of the witness statements and other documents, the trial court entered an order that, in part, compelled Carnival to produce the witness statements finding that the respondent had “demonstrated a need of the materials in the preparation of her case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” This petition follows.
The respondent concedes that the witness statements constitute work product. See Wal-Mart Stores v. Weeks, 696 So.2d 855, 857 (Fla. 2d DCA 1997)(holding that “statements made by witnesses to ... a party or its agents are nondiscoverable work product”) (citations omitted); Dade County Sch. Bd. v. Soler, 534 So.2d 884, 885 (Fla. 3d DCA 1988)(holding that “[although a party may be ordered to provide the names and addresses of individuals who have furnished statements in anticipation of litigation, ‘absent rare and exceptional circumstances,’ the party may not be required to furnish the statements themselves because such statements are work product”) (citations omitted). However, the respondent argues that the work product privilege was waived because Carnival turned over the witness statements to the FBI. The respondent also argues that, contrary to Carnival’s contention, she satisfied her burden of demonstrating that she was unable to obtain the substantial equivalent of the witness statements by others means without undue hardship. Federal Express Corp. v. Cantway, 778 So.2d 1052, 1053 (Fla. 4th DCA 2001)(holding that under Florida Rule of Civil Procedure 1.280(b)(3), “[m]aterials prepared in anticipation of litigation are not subject to discovery except on a showing that the party seeking discovery ‘has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means’ ”) (citations omitted). We disagree with the respondent’s arguments.
First, although Carnival disclosed the witness statements to the FBI, the disclosure was not voluntary because Carnival’s action was in response to a federal grand jury subpoena. See Maguire v. State, 458 So.2d 311, 312 (Fla. 5th DCA 1984)(stating that “our holding that petitioners’ work product privilege is not a bar to production of evidence pursuant to State subpoena in a criminal case does not necessarily mean that petitioners will be unable to successfully assert a work product privilege in any civil case to which they are parties”)(footnote omitted). As such, Carnival did not waive its work product privilege.
Second, the respondent failed to meet her burden of demonstrating that she was unable to obtain the substantial equivalent of the witness statements by others means without undue hardship because she can use the ordinary tools of discovery to obtain the information contained in the witness statements. Intercontinental Properties, Inc. v. Sarny, 685 So.2d 1035, 1036 (Fla. 3d DCA 1997). In fact, the respondent has already deposed one witness and has not attempted to depose five other witnesses. Further, after the trial court entered its order compelling production of the witness statements, the respondent cancelled the deposition of another witness.
Accordingly, we grant the petition for writ of certiorari, quash the portion of the order compelling production of the witness *1222 statements, and remand for further proceedings consistent with this opinion.