27 So.3d 83 (2009)
PARADISE PINES HEALTH CARE ASSOCIATES, LLC., d/b/a Harts Harbor Health Care Center, Petitioner,
v.
Helen BRUCE and Glen Benekin, as Personal Representative of the Estate of Bettye Jean Benekin, Respondent.
No. 1D09-961.
District Court of Appeal of Florida, First District.
December 22, 2009.
Rehearing Denied February 4, 2010.
P. David Brannon, Harold R. Mardenborough, Jr., and Matthew Scanlan of Carr Allison, Tallahassee, for Petitioner.
Thomas S. Edwards, Jr., Jennifer K. Millis, and Katherine E. Loper of Edwards & Ragatz, Jacksonville; Deborah L. Moskowitz, Orlando, for Respondent.
HAWKES, C.J.
The Petitioner, Paradise Pines Health Care Associates, have petitioned this Court to quash the trial court's order requiring it to produce several incident reports relevant to the Respondent's action. After a hearing, the trial court determined the incident reports contained information that the Respondent could not obtain elsewhere without undue hardship. Accordingly, the court ruled the incident reports were not protected under the work product privilege and ordered the Petitioner to produce them during discovery. Because the trial court did not misapply the law pertaining to how a moving party may overcome the work product privilege, we affirm the trial court's ruling and deny certiorari.
Under Rule 1.280(b)(3) (2008), Florida Rules of Civil Procedure, there *84 are two prongs that the Respondents must meet to overcome the Petitioner's work product privilege: (1) a need for the document sought; and (2) an inability to obtain equivalent information without undue hardship. No serious argument has been made that the incident reports at issue do not contain relevant information that the Respondents need. The issue before us only concerns the second prong; particularly, whether the Respondents would suffer undue hardship in obtaining the information contained in the reports. To determine whether a moving party will experience undue hardship, courts must balance the moving party's burden in obtaining information with the non-moving party's burden of production. Here the trial court determined the Respondents had no realistic way to independently procure the information and the Petitioner had the incident reports at their immediate disposal.
The trial court did not misapply rule 1.280(b)(3) when it ordered the Petitioner to produce the incident reports. The order provides:
[Respondents] have further established their need for the [incident reports], in that Bettye Jean Benekin was suffering from dementia at the time of the incident at bar, and has since died. Thus, they have been unable to confer with her about events surrounding any of the incidents. [Petitioner] has also failed to demonstrate any undue hardship which it would suffer by virtue of producing the incident reports.
In the order, the trial court expressly stated the Respondents demonstrated a need for the reports; then, in the following sentence, explained that the subject of the incidents contained in the reports was deceased and "unable to confer [] about events surrounding any of the incidents." This is an implicit finding of undue hardship on the part of the Respondents. Such language clearly indicates the trial court was convinced it would be difficult, if not impossible, for the Respondents to obtain the information independently.[1]
Moreover, the trial court's reference to the Petitioner's ability to produce the incident reports without undue hardship is not indicative of the court's misapplication of Rule 1.280(b)(3). Rather, it indicates the court conducted a balancing test and determined the burden faced by the Respondents was unduly difficult in comparison to the ease with which the defendant could produce the reports.
Because there is nothing in the trial court's order that indicates the court misapplied the law, and certainly nothing that indicates the court departed from the essential requirements of the law, it would be an exercise in futility to remand this case simply so that the trial court can more specifically make findings already inherent in its order.
DENIED.
KAHN, J., concurs; CLARK, J., Dissents with opinion.
KAHN, J., concurring.
I concur fully in the opinion denying the Petition for Writ of Certiorari. After reviewing the transcript of the hearing, attached as an appendix to the petition, I conclude that the trial court was well aware of, and did apply, the appropriate test. During a discussion with the attorneys, *85 Circuit Judge Mitchell[*] acknowledged the appropriate case law and specifically mentioned the case here cited by the dissent, Tampa Medical Assoc. v. Estate of Torres, 903 So.2d 259 (Fla. 2d DCA 2005). Reviewing the Torres decision, Judge Mitchell noted that the trial judge in that case had stated, "the Estate had made a specific showing of need and inability to obtain equivalent information, without undue hardship, which entitled it to obtain copies of the incident reports." Id. at 260-61. Clearly recognizing that the appropriate showing had actually not been made in Torres, Judge Mitchell went on to note,
[T]hat's one of the problems we have with all the nursing home cases, not all, because not all of the people aresome of them are physically infirmed as opposed to mentally, but that's why I'm going to read it. I mean, you know, I understand the privilege, but there are exceptions to the privilege. . . . And I'm going to try to determine whether or not this is an exception.
Accordingly, I have no problem in determining, without any real doubt, that the trial court completely understood the appropriate test, and proceeded to apply that test, having given due consideration to the case law. Nevertheless, and assuming arguendo that the trial court's order is facially deficient, we are perfectly able to review the appendices before us and determine that respondent, as the party seeking production, met its burden under the second prong of Florida Rule of Civil Procedure 1.280(b)(3), that being inability to obtain equivalent information without undue hardship. See Fla. Power Corp. v. Dunn, 850 So.2d 655 (Fla. 2d DCA 2003). The trial court here applied the appropriate test and properly ordered production of the items in question.
CLARK, J., dissenting.
I respectfully dissent. The only question before us is whether the trial judge's order departed from the essential requirements of law. Under rule 1.280(b)(3), Florida Rules of Civil Procedure, a party may obtain discovery of trial preparation materials "only upon a showing that the party seeking discovery has a need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." (Emphasis supplied.)
The order on appeal stated "[Petitioner] has also failed to demonstrate any undue hardship which it would suffer by virtue of producing the incident reports." Hardship upon the party producing the records is irrelevant to the rule 1.280(b)(3) analysis. The respondents were the party seeking production of the incident reports, not the petitioner. See Tampa Med. Assocs. v. Estate of Torres, 903 So.2d 259 (Fla. 2d DCA 2005), and Ruhland v. Gibeault, 495 So.2d 1243 (Fla. 5th DCA 1986).
I conclude that the trial judge's consideration of hardship upon the party producing the records was a misapplication of the test set out in rule 1.280(b)(3) and was thus a departure from the essential requirements of law.
I would grant the petition for certiorari.
NOTES
[1] The fact that information pertaining to the identity of employees and patients that were present during the incidents in question could only be obtained from the incident reports was brought out at trial and further supports the trial court's ruling.
[*] The record reflects that Judge Mitchell presided at the motion hearing, whereas Judge Carithers signed the order that is the subject of the petition for writ of certiorari.