CLARK, J.,
dissenting.
I respectfully dissent. The only question before us is whether the trial judge’s order departed from the essential requirements of law. Under rule 1.280(b)(3), Florida Rules of Civil Procedure, a party may obtain discovery of trial preparation materials “only upon a showing that the party seeking discovery has a need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” (Emphasis supplied.)
The order on appeal stated “[Petitioner] has also failed to demonstrate any undue hardship which it would suffer by virtue of producing the incident reports.” Hardship upon the party producing the records is irrelevant to the rule 1.280(b)(3) analysis. The respondents were the party seeking production of the incident reports, not the petitioner. See Tampa Med. Assocs. v. Estate of Torres, 903 So.2d 259 (Fla. 2d DCA 2005), and Ruhland v. Gibeault, 495 So.2d 1243 (Fla. 5th DCA 1986).
I conclude that the trial judge’s consideration of hardship upon the party producing the records was a misapplication of the test set out in rule 1.280(b)(3) and was thus a departure from the essential requirements of law.
I would grant the petition for certiorari.