ORFINGER, J.
Petitioner, Universal City Development Partners, Ltd., seeks certiorari review of an order denying, in part, its objection to the production of certain accident/incident reports. We grant the petition in part.
The underlying suit involves a battery claim brought by Respondent, Michael Pu-pillo, against Universal and Creed D. McClelland. In his suit, Pupillo alleged that while watching a parade at Universal Studios, McClelland, an Orlando police officer working a private security detail at Universal Studios, pushed him against a barricade, choked him, and forced him to the ground. During the course of discovery, Pupillo requested Universal to produce:
Request number 5.
A true and correct copy of any and all incident/incident [sic] report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject incident and for three (3) years prior to the date of incident and one (1) year subsequent to the date of incident in a manner similar to that alleged in the complaint....
Universal objected to the request, arguing that the work product privilege protects its incident reports.[1]
At the hearing on the motion, Pupillo admitted that the report concerning his incident was privileged, but argued that not all incident reports are privileged and that he was entitled to incident reports for the three years preceding his incident for any substantially similar incidents. He alleged that during his own investigation, he had discovered that McClelland had committed battery on another patron six days before the instant incident. He *614 argued that the incident reports were relevant to his vicarious liability claim and would help him establish that Universal’s procedures for crowd control and “the way they operated their premises made it unsafe.” Finally, and most significantly, Pupillo contended that he was unable to obtain substantially equivalent material without undue hardship. The trial court agreed, and required Universal to produce the requested information after redacting all patrons’ names, addresses, and social security numbers from the reports. The instant petition followed.
Universal argues the trial court departed from the essential requirements of the law by requiring disclosure of reports that are protected by the work product privilege. We agree. Under Florida Rule of Civil Procedure 1.280(b)(3), a party may obtain discovery of an opposing party’s “documents ... prepared in anticipation of litigation ... only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” See generally S. Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1385 (Fla.1994). To make that showing, Pupillo argued only that information about prior incidents was within the scope of discovery, that such information is known to Universal, but not to him, and he is unable to obtain substantial equivalent material without due hardship. Thus, Pupillo contends that he was entitled to production of the incident reports. See DeBartolo-Aventura, Inc. v. Hernandez, 638 So.2d 988, 989 (Fla. 3d DCA 1994).
“The rationale supporting the work product doctrine is that ‘one party is not entitled to prepare his case through the investigative work product of his adversary where the same or similar information is available through ordinary investigative techniques and discovery procedures.’” Deason, 632 So.2d at 1384 (quoting Dodson v. Persell, 390 So.2d 704, 708 (Fla.1980)). If the moving party fails to show that the substantial equivalent of the material cannot be obtained by other means, the discovery will be denied. Id. at 1385. Pupillo’s showing here was insufficient. Despite his claim, Pupillo can use the ordinary tools of discovery to learn the facts of the incident that he was involved in as well as the facts of the prior incidents on the property. This can be accomplished by interrogatories and depositions directed to the defendants. The documents are privileged, not the facts about which they pertain. Pupillo may also direct discovery or public records requests to the law enforcement agencies that have jurisdiction at Universal Studios. “The fact that the incident report might yield additional information about the incident is not enough, without more, to show ‘undue hardship.’ ” Mt. Sinai Med. Ctr. v. Schulte, 546 So.2d 37, 38 (Fla. 3d DCA 1989); see generally DeBartolo-Aventura, 638 So.2d at 989-90; State Farm Fire & Cas. Co. v. Von Hohenberg, 595 So.2d 303, 304 (Fla. 3d DCA 1992); Dade County Pub. Health Trust v. Zaidman, 447 So.2d 282, 283 (Fla. 3d DCA 1983); Charles W. Ehrhardt, Florida Evidence § 502.9 (2010 ed.).
For these reasons, we grant the petition and quash the trial court’s order as to Pupillo’s request to produce number 5, but deny it in all other respects.
GRANTED in part; DENIED in part.
GRIFFIN, J., concurs.
SAWAYA, J., concurs in part and dissents in part, with opinion.

. Universal also objected to several other discovery requests; however, these are either not at issue in the instant petition or do not meet the standard for certiorari.