DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MILLARD MALL SERVICES, INC.,** a foreign profit corporation,
and **SUNRISE MILLS (MLP) LIMITED PARTNERSHIP,**
a foreign profit corporation,
Petitioners,

v.

**MARY BOLDA,**
Respondent.

No. 4D14-1338

[February 11, 2015]

Petition for Writ of Certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. 13-4043 25.

Robin B. Rothman, Elaine J. LaFlamme, Andrew S. Connell, Jr., and Angela M. Swenka of Litchfield Cavo LLP, Fort Lauderdale, for petitioners.

Mark D. Dickstein of The Dickstein Law Firm, Pembroke Pines, for respondent.

PER CURIAM.

Plaintiff, Mary Bolda, filed an action for negligence against defendants, Millard Mall Services, Inc. and Sunrise Mills Limited Partnership, stemming from her alleged slip and fall while shopping at the Sawgrass Mills Mall in March 2011. In prosecuting her claim, plaintiff sent a subpoena *duces tecum* to the corporate representative of Sunrise Mills requesting various documents, including:

1) All records, incident reports or other written memoranda concerning any other substantially similar acts and/or occurrences on Defendant's premises concerning slip and fall accidents within the last three years of March 26, 2011;

2) All documentation concerning maintenance or cleaning of the subject premises during March 2011; and

3) All documentation concerning maintenance or cleaning of the subject premises by any outside person/corporation/ entity during 2011.

Defendants objected to the production of these documents. At the hearing before the trial court, defendants filed affidavits stating that these documents, including their Quarterly Safety Committee Reports, were not discoverable because they included incident reports that contained photographs, discussions surrounding the incidents, and mental impressions regarding the incidents that occurred during the relevant quarter.

After reviewing the documents *in camera*, the trial court ordered the production of defendants' Quarterly Safety Committee Reports from 2008 up to the date of the incident, but sustained the privilege objection concerning the incident report generated as a result of plaintiff's event. Defendants seek certiorari review of that order, and assert that the Committee Reports were not discoverable pursuant to the work product privilege. Based on our review of these materials, we agree that such items were prepared in anticipation of litigation. We grant the writ and quash the trial court's order.

Florida Rule of Civil Procedure 1.280(b)(4) provides that a party may obtain work product, or materials "prepared in anticipation of litigation," "only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *See generally S. Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1384 (Fla. 1994). To make that showing, plaintiff argued only that information about prior incidents was within the scope of discovery, and that she was unable to obtain substantially equivalent material without undue hardship. *See DeBartolo-Aventura, Inc. v. Hernandez*, 638 So. 2d 988, 989 (Fla. 3d DCA 1994).

Pursuant to Florida Rule of Civil Procedure 1.280(b)(4), the sought-after documents are not discoverable unless the party can demonstrate a two-part showing of (1) particularized need, which includes the determination of whether the privileged documentation contains relevant information, and (2) the inability to obtain the substantial equivalent without undue hardship. It is only "upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means" that the court may order the disclosure of work product. Fla. R. Civ. P. 1.280(b)(4); *Surf Drugs, Inc. v. Vermette*, 236 So. 2d 108, 112 (Fla. 1970) ("The work product of the litigant, his attorney or agent, cannot be examined, absent rare and exceptional circumstances.").

2

"The rationale supporting the work product doctrine is that 'one party is not entitled to prepare his case through the investigative work product of his adversary where the same or similar information is available through ordinary investigative techniques and discovery procedures.'" *Deason*, 632 So. 2d at 1384 (quoting *Dodson v. Persell*, 390 So. 2d 704, 708 (Fla. 1980)). If the moving party fails to show that the substantial equivalent of the material cannot be obtained by other means, the discovery will be denied. *Id.* at 1385.

Work-product protection extends to information gathered in anticipation of litigation by corporate non-attorney employees, including employees of a corporation's risk management department. *See, e.g, Metric Eng'g, Inc. v. Small*, 861 So. 2d 1248, 1250 (Fla. 1st DCA 2003); *Fla. E. Coast Ry. v. Jones*, 847 So. 2d 1118, 1118 (Fla. 1st DCA 2003); *Royal Caribbean Cruises, Ltd. v. Doe*, 964 So. 2d 713, 718 (Fla. 3d DCA 2007) (incident reports created by employees and filed with the risk management department to be used to defend against potential litigation are protected as work-product); *see Snyder v. Value Rent–A–Car*, 736 So. 2d 780, 781 (Fla. 4th DCA 1999). Internal investigative reports are also covered by the rule. *See, e.g., Fed. Exp. Corp. v. Cantway*, 778 So. 2d 1052, 1053 (Fla. 4th DCA 2001); *Winn-Dixie Stores, Inc. v. Nakutis*, 435 So. 2d 307, 308 (Fla. 5th DCA 1983); *Fla. Power & Light Co. v. Limeburner*, 390 So. 2d 133, 134 (Fla. 4th DCA 1980). A lawsuit need not be filed for information gathered in an accident investigation to qualify for work-product protection. *See Royal Caribbean Cruises, Ltd.*, 964 So. 2d at 718; *Dist. Bd. of Trs. of Miami-Dade Cmty. Coll. v. Chao*, 739 So. 2d 105, 107 (Fla. 3d DCA 1999) (even if a specific claim has not been filed, sending documents to a risk management department anticipates litigation); *City of Sarasota v. Colbert*, 97 So. 2d 872, 874 (Fla. 2d DCA 1957). In *Chao*, the report of a student's slip and fall in a college hallway did not lose its work product character even though these reports were routed to departments other than the risk management department, such as the security department and the custodial supervisor, in order that remedial measures could be taken. 739 So. 2d at 107.

Moreover, even a report that is routinely prepared may still qualify as work product. *See Sears, Roebuck & Co. v. Scott*, 481 So. 2d 968 (Fla. 4th DCA 1986); *Sligar v. Tucker*, 267 So. 2d 54, 55 (Fla. 4th DCA 1972). Such reports, including those created after a slip and fall has been reported,

> certainly are not prepared because of some morbid curiosity about how people fall at the market. Experience has shown all retail stores that people who fall in their stores try to be compensated for their injuries. Experience has also shown those stores that bogus or frivolous or exaggerated claims

might be made. A potential defendant's right to fully investigate and memorialize the results of the investigation should not be restricted any more than should a potential plaintiff's. Our system of advocacy and dispute settlement by trial mandates that each side should be able to use its sources of investigation without fear of having to disclose it all to its opponents. This allows for free discussion and communication during preparation for litigation. If all reports and other communications of the litigants were available to the opposition then those communications would certainly be stilted, unrevealing and thus self-defeating in their purpose.

*Publix Super Mkts., Inc. v. Anderson*, 92 So. 3d 922, 923 (Fla. 4th DCA 2012).

In this case, plaintiff has been allowed to avail herself of the ordinary tools of discovery to obtain relevant information about the incident that she was involved in, as well as any similar prior incidents on the property. Even if some of these objected-to documents may be relevant to the issue of the regularity of these occurrences, plaintiff has had the ability to obtain substantially equivalent information through discovery directed to defendants. Those efforts have in fact enabled her to obtain a list of incidents on defendants' premises for three years predating plaintiff's accident, including the dates, times, locations, and a detailed description of those incidents. Therefore, the requested information (or its substantial equivalent) was obtained through means other than the production of work-product materials. *See Deason*, 632 So. 2d at 1384 ("one party is not entitled to prepare his case through the investigative work product of his adversary where the same or similar information is available through ordinary investigative techniques and discovery procedures") (quoting *Dodson v. Persell*, 390 So. 2d 704, 708 (Fla. 1980)); *Ruhland v. Gibeault*, 495 So. 2d 1243, 1244 (Fla. 5th DCA 1986) ("Clearly, the burden is on the party who seeks to overcome a work product objection to show a need for the documents sought and demonstrate that they are unable, without undue hardship, to obtain the equivalent by any other means."); *Intercontinental Props., Inc. v. Samy*, 685 So. 2d 1035, 1036 (Fla. 3d DCA 1997) (finding the law imposes a heavy burden on a party seeking to obtain work product; party is required to at least attempt to obtain the information contained in an incident report using interrogatories and depositions before the privilege can be breached).

Even if these documents might potentially lead to the discovery of relevant, admissible evidence as claimed by plaintiff's counsel, their relevance is but one factor among several to be considered. The mere fact that these documents "might yield additional information about the

incident is not enough, without more, to show 'undue hardship.'" *Mt. Sinai Med. Ctr. v. Schulte*, 546 So. 2d 37, 38 (Fla. 3d DCA 1989); *see generally DeBartolo-Aventura*, 638 So. 2d at 989-90; *State Farm Fire & Cas. Co. v. Von Hohenberg*, 595 So. 2d 303, 304 (Fla. 3d DCA 1992); *Dade Cnty. Pub. Health Trust v. Zaidman*, 447 So. 2d 282, 283 (Fla. 3d DCA 1983); Charles W. Ehrhardt, *Florida Evidence* § 502.9 (2010 ed.).

Defendants have met their burden, while plaintiff has not demonstrated that she is unable to obtain the substantial equivalent of the material by other means. The assertion that plaintiff needs these materials for the prosecution of her case, without more, is wholly insufficient to meet her burden. *See Healthtrust, Inc.-The Hosp. Co. v. Saunders*, 651 So. 2d 188, 189 (Fla. 4th DCA 1995) (finding "respondents' showing in support of requiring production of [work-product] was nothing more than unsworn argument of counsel or a bare assertion of need and undue hardship which is insufficient to satisfy the required showing"); *Universal City Dev. Partners, Ltd. v. Pupillo*, 54 So. 3d 612, 614 (Fla. 5th DCA 2011) (finding petitioner's argument that information about prior incidents was within the scope of discovery, that such information was known to defendant but not to him, and that he was unable to obtain substantial equivalent material without undue hardship was insufficient to overcome the work product privilege).

Because the information sought by plaintiff were documents created in the course of its investigations, and because plaintiff has not made a sufficient showing of need or undue hardship, the trial court's order compelling disclosure was a departure from the essential requirements of law. *See Avante Villa at Jacksonville Beach, Inc. v. Breidert*, 958 So. 2d 1031, 1032 (Fla. 1st DCA 2007). We therefore quash the trial court's order. As a result, we find no need to address any other objections or grounds raised by defendants against the production of these documents.

*Petition Granted.*

DAMOORGIAN, C.J., and KLINGENSMITH, J., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I disagree with the majority opinion that the Quarterly Safety Reports were protected work product. These reports were used to promote safety and to determine whether proper maintenance was being done at the mall. The reports, as opposed to individual incident reports, were not made in anticipation of litigation. *See, e.g., Liberty Mut. Fire Ins. Co. v. Bennett*, 883 So. 2d 373, 374 (Fla. 4th DCA 2004) (documents are not work product

unless they are prepared when the probability of litigation is "substantial and imminent"), *quashed on other grounds by Liberty Mut. Fire Ins. Co. v. Bennett*, 905 So. 2d 119 (Fla. 2005); *Allstate Indem. Co. v. Ruiz*, 780 So. 2d 239, 241 (Fla. 4th DCA 2001), *quashed on other grounds*, 899 So. 2d 1121 (Fla. 2005); *Cotton States Mut. Ins. Co. v. Turtle Reef Assocs., Inc.*, 444 So. 2d 595, 596 (Fla. 4th DCA 1984) (documents are work product only if they were prepared "in contemplation of litigation," and the "[m]ere likelihood of litigation does not satisfy this qualification."). Even the reports at issue in *Publix Super Markets, Inc. v. Anderson*, 92 So. 3d 922, 923 (Fla. 4th DCA 2012), quoted in the majority, were incident reports about the particular slip and fall in litigation in that case. Here, there is no evidence that the quarterly reports meet this test.

Moreover, even if the quarterly reports could be considered work product, the enactment of section 768.0755, Florida Statutes, concerning premises liability for transitory foreign substances in a business establishment, should make them discoverable. Enacted at the behest of commercial interests, that statute requires an injured person to prove "that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." § 768.0755(1), Fla. Stat. (2010). The injured person may prove constructive knowledge with circumstantial evidence showing:

> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

> (b) The condition occurred with regularity and was therefore foreseeable.

*Id.* In this case, although the respondent requested that the mall preserve the video of the incident, which could have shown how long the dangerous condition had existed, the video was not available. Thus, respondents must show that "the condition occurred with regularity and was therefore foreseeable." The quarterly reports could shed light on this issue, and the other information available to the respondent would not satisfy this need.[1]

---

[1] Production of such reports might show a plaintiff that there is no constructive knowledge case to be made and may prompt settlement or dismissal of slip and fall suits.

The trial court conducted an *in camera* inspection of these reports before ordering their production.  I too have reviewed these reports.  I concur with the trial court that they are discoverable and not protected by work product.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**