IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WALT DISNEY PARKS AND
RESORTS U.S., INC.,

        Petitioner,

                                     Case No.  5D22-1375
v.                                        LT Case No. 2020-CA-002845-O


LISA ALESI,

        Respondent.

_____/

Opinion filed November 18, 2022

Petition for Certiorari Review of Order
from the Circuit Court for Orange County,
Jeffrey L. Ashton, Judge.

Stephanie M. Simm, of Bowman and
Brooke, LLP, Miami, and Frank D. Hosley
and Suzanne L. Kersh, of Bowman and
Brooke, LLP, Lake Mary, for Petitioner.

Sagi Shaked and Cory D. Lapin, of
Shaked Law Firm, P.A., Aventura, for
Respondent.

TRAVER, J.

       Walt Disney Parks & Resorts U.S., Inc. seeks certiorari review of a trial

court order compelling it to better respond to an interrogatory propounded by

Lisa Alesi, the plaintiff in a personal injury case. The trial court correctly determined that the factual information Alesi seeks is not protected by the work product doctrine, even though the facts are contained exclusively in reports and a recorded statement prepared in anticipation of litigation. The trial court's order, however, improperly compels the production of Disney's work product "not limited to" the facts. We therefore grant the petition in part and deny it in part.

Alesi claims a Disney employee injured her by striking her with a garbage cart. In connection with her lawsuit, Alesi propounded an interrogatory that asked Disney to describe how the incident happened, including all actions taken by its employees and agents to prevent it. Along with its initial response, which suggested that discovery was ongoing, and that Alesi may not have been properly watching her surroundings, Disney produced a privilege log. The log contained two reports about the incident, including one by Christina Headley, the Disney first aid nurse who treated Alesi after the incident. It also referenced a recorded statement by Kyle Morello, the man pushing the garbage cart. Neither Headley nor Morello currently works for Disney.

Unsatisfied by this answer, Alesi successfully moved to compel a better response. This time, Disney stated that it had been informed that "a

cast member pushing a garbage receptacle came into contact with [Alesi]." Disney stressed that the depositions of the people who witnessed the incident had not yet been taken, and it referenced the previous production of a policy regarding trash removal. The remainder of its response included Alesi's own recorded statement and interrogatory response summarizing the incident.

Still unsatisfied, Alesi again moved for a better response. This time, the trial court specifically ordered Disney to provide a verified interrogatory answer "based on its knowledge of the incident, including, but not limited to, facts learned from its employees and/or agents (whether former or current), Kyle Morello, and Christina Headley." Disney seeks certiorari review of this order.

We may grant certiorari relief only if Disney establishes: 1) a departure from the essential requirements of the law; 2) resulting in material injury for the rest of the trial; 3) that cannot be remedied on post-judgment appeal. *See State Farm Mut. Auto. Ins. v. Knapp*, 234 So. 3d 843, 848 (Fla. 5th DCA 2018). We use the second and third prongs to determine if we have certiorari jurisdiction. *See Holden Cove, Inc. v. 4 Mac Holdings, Inc.*, 948 So. 2d 1041, 1041 (Fla. 5th DCA 2007). We have jurisdiction in this case because the trial court's discovery order requires Disney to disclose allegedly privileged

3

information.  *See Knapp*, 234 So. 3d at 848.  We have held that certiorari is "particularly appropriate" in this context because disclosure of privileged material may cause irreparable injury.  *See Fifth Third Bank v. ACA Plus, Inc.*, 73 So. 3d 850, 852 (Fla. 5th DCA 2011).

The United States Supreme Court created the work product doctrine.  *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947).  Now codified by Florida Rule of Civil Procedure 1.280(b)(4), it protects the disclosure of "documents and tangible things" that a party prepares in anticipation of litigation or trial.[1] Two types of work product exist.  Fact work product protects information related to the case that is gathered in anticipation of litigation.  *S. Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1384 (Fla. 1994).  Opinion work product primarily safeguards "mental impressions, conclusions, opinions, and theories."  *Id*.  A party seeking production of work product materials must first show it needs them for the preparation of its case, and that it cannot otherwise obtain them without undue hardship.  *See* Fla. R. Civ. P. 1.280(b)(4).  Even then, trial courts "shall protect against disclosure of the

---

[1] Rule 1.280(b)(4) does not reference intangible things, like an attorney's personal views on when to present evidence or proposed arguments, but the work product doctrine nevertheless protects them.  *See Surf Drugs, Inc. v. Vermette*, 236 So. 2d 108, 112 (Fla. 1970) (citing *Hickman*, 329 U.S. at 511).

mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Id*.

Disney argues that the work product doctrine protects every piece of information contained in the reports and recorded statement, and that Alesi has not proven the two prerequisites to obtaining these materials. *See id*. Alesi responds that she is not seeking production of the actual documents Disney prepared; she just wants to know factual details of how the incident happened.

Alesi is correct that she is not required to prove need and undue hardship because she does not demand the production of protected work product materials. Instead, she merely seeks otherwise-discoverable factual information contained in the materials. Alesi can discover this factual information because the work product doctrine does not safeguard the discovery of underlying facts gathered in work product materials. *See Grinnell Corp. v. Palms 2100 Ocean Blvd., Ltd.*, 924 So. 2d 887, 894 (Fla. 4th DCA 2006) (en banc) (quoting *Resol. Tr. Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995) ("Because the work product doctrine is intended only to guard against divulging the attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or facts contained within work product.")); *see also Adams v. Mem'l Hermann*, 973

5

F.3d 343, 350 (5th Cir. 2020) (reiterating that work product doctrine protects only attorney's work product and not underlying facts); 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2024 (3d ed. 2022) (noting that work product doctrine "does not bar discovery of facts a party may have learned from documents that are not themselves discoverable"). Stated differently, the underlying facts contained in documents protected by the work product doctrine are neither fact work product nor opinion work product.

The *Hickman* Court recognized that interrogatories or depositions provided suitable means to uncover "material, non-privileged" facts embedded in work product.[2] *See* 329 U.S. at 511-13; *see also Univ. City Dev. Partners, Ltd. v. Pupillo*, 54 So. 3d 612, 614 (Fla. 5th DCA 2011). For these reasons, part of the trial court's order is appropriate, and Alesi can discover the underlying material, non-privileged factual information contained in the reports and recorded statement via interrogatory because this information is not work product.[3] If, however, the reports and recorded

---

[2] Our sister court has explained that in connection with establishing the necessary predicate to obtain protected work product, a party should at least attempt to obtain information via interrogatory or deposition. *See Intercontinental Props., Inc. v. Samy*, 685 So. 2d 1035, 1036 (Fla. 3d DCA 1997). While this case does not involve the necessity of establishing such a predicate, it shows the appropriate nature of Alesi's inquiry.

[3] Citing *Quest Diagnostics Inc. v. Hall*, 325 So. 3d 927 (Fla. 5th DCA 2020), Disney frets that if it produces these facts, it will waive its work product protections on these otherwise-protected documents, thus effectively

statement contain any of Disney's opinions regarding the incident, these opinions would remain protected. For example, an opinion of why the accident occurred and who was responsible would not constitute discoverable underlying facts and would remain protected work product. *See, e.g.*, *Northup v. Acken*, 865 So. 2d 1267, 1272 (Fla. 2004) (stating that an "attorney may not be compelled to disclose the mental impressions resulting from his or her investigations").

In this sense, the trial court's order sweeps more broadly than merely compelling the disclosure of facts. Instead, it requires Disney to produce

---

compelling their future disclosure. In *Quest*, a plaintiff deposed a Quest corporate representative. 325 So. 3d at 928. At the deposition, and at least one time without the plaintiff's objection, Quest's corporate representative disclosed part of an incident report prepared in anticipation of litigation. *Id.* at 928–29. We determined this voluntary disclosure constituted a waiver of the work product protections on the report, and that Quest could not later seek to safeguard this information after its witness had voluntarily produced it. *Id.* at 929. Significantly, Quest never argued that it had not waived work product protections on its reports because the corporate representative only testified to facts unprotected by the doctrine.

This situation is different. Our record reflects that Disney has always objected to producing its work product, and it has never divulged the contents of these documents. Disney's concern about waiver will not materialize if it answers Alesi's targeted interrogatory with otherwise-discoverable underlying factual information. *See* Fla. R. Civ. P. 1.280(b)(4); *see also Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 630 (N.D. Okla. 2009) (noting that although factual information contained in work product can be discovered via deposition, "interrogatories are the generally preferred route due to the inherent risk of the [corporate representative] deponent inadvertently disclosing protected work product").

7

information about its knowledge of the incident "not limited to" facts. This would, by definition, include Disney's work product in the form of mental impressions, conclusions, opinions, or legal theories. To her credit, Alesi insists she does not want Disney's mental impressions, conclusions, opinions, or legal theories, and she would not be entitled to them anyway. *See* Fla. R. Civ. P. 1.280(b)(4). Regardless, because the trial court's order compels this production, we grant Disney's petition in part and quash that portion of the order.

PETITION GRANTED IN PART and DENIED IN PART. ORDER QUASHED IN PART.

SASSO and WOZNIAK, JJ., concur.

8